

Elliott Moore, Norman Moscowitz, Deputy Associate General Counsel, Peter Bernstein, Robert Sewell, N. L. R. B., Washington, D. C., Bernard Levine, Director, Region 8, N.L.R.B., Cleveland, Ohio, for petitioner.

Leslie R. Stellman, Earle K. Shawe, William J. Rosenthal, Shawe & Rosenthal, Baltimore, Md., for respondent.

Before KEITH and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**RJR ARCHER INC., Filmco Division, Respondent.**

**No. 77–1540.**

United States Court of Appeals, Sixth Circuit.

March 14, 1980.

**ORDER.**

Petitioner, National Labor Relations Board (the "Board") seeks enforcement of its Order[1] finding that RJR Archer's, Inc., (the "Company") failure to honor the Board's Certification of the Freight Drivers, Dockworkers, and Helpers Local Union No. 24 (the "Union") violated Sections 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C., Section 151 *et seq.* (the "Act").

We remand the case to the Board with instructions to hold an evidentiary hearing into the Company's allegations of Union

---

1. The Order and Decision of the Board are reported at 230 NLRB 71.

misconduct during a representation election.

A representation election was conducted on May 6, 1976 among the Company's employees. Sixty-nine votes were cast in favor of the Union, while sixty-six employees voted against union representation.

On May 13, 1976, the Company filed timely Objections (the "Objections") to Union conduct allegedly affecting the election results. In its Objections the Company alleged generally that the Union had threatened employees with retaliation if they did not vote for the Union, that the Union had misrepresented the wages and benefits which it had obtained for employees at another company; and that the Union had defaced an official sample ballot by placing an "X" in the box marked "yes." In support thereof, the Company submitted a number of affidavits of *supervisory* employees who recited the facts underlying each of the Objections to Union conduct during the representation election.

An administrative investigation of the Company's Objections was conducted by the Board's Regional Director in which the parties had full opportunity to submit evidence and present witnesses. The Regional Director in its Report on Objections (the "Report") recommended the certification of the Union. The Company filed exceptions (the "Exceptions") to the Report which are nearly identical to its original Objections.

The Board, after full consideration of the Company's Objections, the Report and Exceptions to such, and the "entire record" adopted the recommendation of the Regional Director and certified the Union. The Board did not order the Regional Director

to hold an evidentiary hearing on the alleged Union misconduct.

Subsequently, the Company refused to bargain with the Union. The Board ultimately found the Company's refusal to bargain constituted an unfair labor practice in violation of § 8(a)(5) and (1) (the "Charges") of the Act. The Board petitions this Court for enforcement of its Order that the Company cease and desist from violating the Act and bargain with the Union.

The Company defended itself against the Charges by attacking the Board's decision to certify the Union. Specifically, the Company argues that the Board's certification decision, arrived at without benefit of either an evidentiary hearing on the Company's Exceptions or a review of its affidavits in support of allegations of union misconduct, constitutes an "abuse of discretion." The Board argues that it has discretion to certify a union without ordering the Regional Director to hold an evidentiary hearing. It argues that such decision in this case was justified by the Company's failure to state with particularity the factual errors of the Regional Director's Report on alleged Union misconduct.

We hold that the issues presented to the Court are controlled by this Circuit's recent decision in *Prestolite Wire Division v. NLRB*, 592 F.2d 302.[2]

In *Prestolite*, this Court held that the Board's failure to have before it for review affidavits submitted by the Company supporting claims of alleged union misconduct during a representation election renders the Board's certification decision arbitrary and capricious as to constitute an abuse of discretion.[3] As this Court stated in *Prestolite, supra*:

> either ordering an evidentiary hearing on the company's well-pleaded exceptions or reviewing the affidavits submitted by the company to support its allegations of union misconduct.

**2.** In *Prestolite, supra*, a company submitted eight objections to Union misconduct during a representation election. After an Administrative investigation the Regional Director recommended the certification of the Union. The company filed with the Board a list of seventy-three exceptions to the Regional Director's report. The Board certified the union without

**3.** Although the Court in *Prestolite, supra*, was careful to reaffirm the validity of the Board's rules that affidavits submitted to support ob-

Where, over objection, the Board's certification is made without [either] the benefit of a hearing or of the full record compiled by and relied upon by the investigati[ng] officer, we believe we are justified in taking [the] record as we find it; and construing the well-pleaded factual assertions in Prestolite's objections most favorably to it. So viewed, the Board's decision to issue a certification must be considered an abuse of its discretion, 592 F.2d at 306–07.[4]

In the instant case, the Company argued that its affidavits submitted contain references of specific instances of Union misconduct. In addition, the Company argues that its failure to submit affidavits of employees voting in the election is due to the allegedly coerced employee's fear of reprisal should the employees voluntarily recount their experiences.

Accordingly, the Board's petition to enforce is denied, the certification is set aside, and the cause remanded to the Board with directions to refer the matter for hearing before a hearing officer as provided in 29 C.F.R. § 102.69(f).

---

jections are not required to be a part of the record forwarded to the Board by the Regional Director, the Court stated that:

The problems faced by the Board in its review and by this court in ours are vastly complicated by such a procedure, 592 F.2d at 306.

4. Although the Company's Objections and Exceptions are virtually identically general and unspecific, it is disingenuous for the Board to support the Regional Director's characterization of alleged threats to employees during a representation election as "mere hearsay" when only the Board had the means to confirm the validity of the Company's allegation of the Union's unlawful conduct.