**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**CURTIS NOLL CORPORATION, Curtis Industries Division, Respondent.**

No. 78–1515.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 14, 1980.

Decided Nov. 13, 1980.

Elliott Moore, and Kenneth Hipp, Deputy Associate Gen. Counsel, N.L.R.B., Michael Hamilton, Washington, D. C., Emil C. Farkas, Director, Region 9, N.L.R.B., Cincinnati, Ohio, William Bernstein, N.L.R.B., Washington, D. C., for petitioner.

C. Donald Lovett, Robert P. Duvin, Robert P. Duvin & Associates Co., Jon C. Flinker, Cleveland, Ohio, for respondent.

Before BROWN and KENNEDY, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

The National Labor Relations Board petitions this Court for enforcement of its order directing the Employer, Curtis Noll Corp., to bargain with the Union, International Association of Machinists and Aerospace Workers, District Lodge 27, AFL–CIO. The Employer opposes enforcement on the grounds that the Union was improperly certified as the bargaining representative after a consent election.

The election was held October 21, 1977. The Regional Director overruled the Employer's objections to the election after an administrative investigation. The Board

held that the Employer's exceptions to the Regional Director's Report raised no substantial and material disputed facts which required a hearing, adopted the report of the Regional Director, and certified the Union. Thereafter, the Employer refused to bargain with the Union, which the Board found to be an unfair labor practice. It ordered the Employer to bargain and now seeks enforcement from this Court of its bargaining order.

The Employer argues that statements made by Union adherents created an atmosphere of coercion preventing the exercise of free choice in the selection of a bargaining representative and that the privacy of the election was not maintained. Specifically, it claimed that one employee who claimed to speak for the Union unlawfully said that Union initiation fees would be waived for those who signed authorization cards; that a second employee threatened harm to the "company snitch" and pinned a Union button on another employee without her permission, thereby frightening her; and that a third employee told another that there would be trouble if she found out the other employee had voted against the union. The Employer asserts that more than thirty employees (out of 97 eligible voters) signed statements that conditions were chaotic in the voting room, voters were permitted to crowd around the voting booth, one could see into the voting booth because the curtain did not close properly, and the paper was so thin one could see through it to discover how someone voted.

The Employer also argues the Board's order should not be enforced as the Board failed to grant it a hearing in the representation proceeding though it proffered specific evidence to support its allegations and as the Regional Director failed to transmit the entire record to the Board.

■ The Board has wide discretion in determining representation matters. The party opposing the election results has the heavy burden of showing the election was unfair. This Court is limited to determining if the Board acted arbitrarily in the exercise of its discretion. Factual findings made by the Board are to be upheld if supported by substantial evidence. See *NLRB v. Pinkerton's, Inc.*, 621 F.2d 1322, 1324 (6th Cir. 1980); *NLRB v. Basic Wire Products, Inc.*, 516 F.2d 261, 263 (6th Cir. 1975); *Harlan # 4 Coal Co. v. NLRB*, 490 F.2d 117, 119, 125 (6th Cir.), *cert. denied*, 416 U.S. 986, 94 S.Ct. 2390, 40 L.Ed.2d 763 (1974).

■ The Board's rules provide that a hearing may be granted if it appears to the Regional Director that substantial and material factual issues exist which, in the exercise of his reasonable discretion, he determines may be more appropriately resolved after a hearing. See 29 C.F.R. § 102.69(d). The party who desires a hearing must demonstrate by specific factual allegations and a proffer of proof that a prima facie case exists for setting aside the election. See *Pinkerton's, supra*, 621 F.2d at 1325; *Basic Wire, supra*, 516 F.2d at 263–65.

In the present case, the Board argues that a hearing was not required as the Regional Director viewed the allegations of fact in the light most favorable to the Employer and still found that the Employer had not satisfied its burden of showing the election was unfair. It argues the Employer had not raised any material factual issues which were in dispute and required a hearing.

The Board's regulations state that the record in the proceedings shall consist of: the petition, notice of hearing with affidavit of service thereof, motions, rulings, order, the stenographic report of the hearing and of any oral arguments before the regional director, stipulations, exhibits, documentary evidence, affidavits of service, depositions, and any briefs or other legal memoranda submitted by the parties to the regional director or to the Board, and the decision of the regional director, if any.

29 C.F.R. § 102.68.

■ This Court is hampered in its review of the Board's decision as the evidence relied upon by the Regional Director was not transmitted to the Board, and hence was

not transmitted to this Court. This Court has noted before the difficulty of performing its task of review when the entire record has not been transmitted to the Board. *See Prestolite Wire Division v. NLRB*, 592 F.2d 302 (6th Cir. 1979). Without viewing the evidence relied upon, this Court cannot determine if the Regional Director did indeed view the evidence in the light most favorable to the Employer or if the Employer had raised substantial factual issues in dispute. Viewing the assertions of the Employer in its brief and in its exceptions alone, this Court holds that the Employer has indeed raised sufficient factual disputes to warrant a hearing. It is no small matter when one–third of the eligible voters expressed by affidavit concern with the voting procedures or when alleged Union agents acted improperly in the presence of employees.

This Court denies enforcement of the Board's order and remands to the Board for further consideration in accordance with this opinion. This Court also holds that the Board abuses its discretion by adopting the report of the Regional Director when the Regional Director fails to transmit to the Board the evidence relied upon by the Regional Director.