RANDALL, BURKART/RANDALL DIVISION OF TEXTRON, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 79–1065.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 11, 1980.

Decided Jan. 22, 1981.

Michael W. Hawkins, Dinsmore, Shohl, Coates & Deupree, Cincinnati, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Andrew Tranovich and Jerrold Wohlgemuth, Washington, D.C., Raymond A. Jacobson, Director, Region 26, N.L.R.B., Memphis, Tenn., for respondent.

Before KEITH and MERRITT, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

MERRITT, Circuit Judge.

This case concerns objections of petitioner Randall, Burkart/Randall Division of Textron, Inc. (Randall) to various aspects of a decertification election held in its Blytheville, Arkansas plant. In September and early October 1977 the union representing the employees at the plant engaged in a strike because of its inability to negotiate a new collective bargaining agreement. Randall hired replacement workers, and outbursts of violence occurred during the strike. On October 21, 1977, five days after the strike was settled, an employee petitioned for decertification of the union as the bargaining representative at the plant. At that time the union represented the two units of employees at the plant—the tool and die unit with eighteen employees, and the production and maintenance unit with approximately 700 employees. Pursuant to a Stipulation for Certification upon Consent of Election approved by the Regional Director of the National Labor Relations Board, the election was held on November 16, 1977. The union lost representation of the tool and die unit but won the production and maintenance unit by a vote of 333 to 285, with 69 eligible voters not casting ballots. Randall filed six objections several days later, and after investigation in De-

cember 1977 the Regional Director overruled the objections in their entirety. In March 1978, after Randall filed exceptions to the Regional Director's decision, the Board ordered hearings concerning two of Randall's original objections and adopted the Regional Director's decision overruling the other four. In June 1978 after a hearing, the Hearing Officer recommended that the two objections be overruled and the union be certified. In August the Board adopted the Hearing Officer's findings and certified the union.

Randall refused to bargain upon request from the union and was then charged with engaging in unfair labor practices in violation of the National Labor Relations Act. In January 1979 the NLRB granted summary judgment against Randall, stating that it would not relitigate issues raised in a prior representation proceeding absent special circumstances or newly discovered evidence. The Board issued an order requiring Randall to bargain with the union. Randall seeks judicial review of the order, pursuant to 29 U.S.C. § 160(f), and the Board has filed a cross-application for enforcement of its order under 29 U.S.C. § 160(e). This court has jurisdiction because Randall's main place of business is in Cincinnati. 29 U.S.C. § 160(f).

■ We begin by recognizing that the NLRB has been entrusted with a broad range of discretion in supervising representation elections and establishing their procedures. Thus, generally the role of a reviewing court is limited to determining whether that discretion has been abused and whether the Board's findings are reasonable. *Harlan # 4 Coal Co. v. NLRB*, 490 F.2d 117, 120 (6th Cir.), *cert. denied*, 416 U.S. 986, 94 S.Ct. 2390, 40 L.Ed.2d 763 (1974); *NLRB v. Tennessee Packers, Inc.*, 379 F.2d 172, 180 (6th Cir.), *cert. denied*, 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967). The party—here Randall—that seeks to overturn an election bears the heavy burden of demonstrating that it was not fairly conducted. *Harlan # 4 Coal Co., supra*, at 120; *NLRB v. Bostik Div., USM Corp.*, 517 F.2d 971, 975 (6th Cir. 1975).

■ Randall's appeal rests upon three of its original objections—numbers one, two, and six. We have no trouble in upholding the Board's decision concerning objection two, in which Randall contends that union agents engaged in campaign activities on the day of the election in the "no-electioneering" zone at Randall's plant. Such activities have been considered violations of NLRB rules of a magnitude requiring the vacating of election results. *Michem, Inc.*, 170 NLRB 362 (1968); *Vitronic, Inc.*, 183 NLRB 1067 (1970). The Hearing Officer, however, found that the union agents engaged in no improper conduct. In doing so, she weighed conflicting testimony of various witnesses brought by both parties and explicitly made a credibility resolution in favor of the union's witnesses. Such a resolution is entitled to great weight by a reviewing court. This court has stated that "[t]he Board's choice between two conflicting views may not be set aside even though the court would justifiably have made a different choice had the matter been before it de novo," *NLRB v. Bendix Corp.*, 299 F.2d 308, 310 (6th Cir.), *cert. denied*, 371 U.S. 827, 83 S.Ct. 47, 9 L.Ed.2d 65 (1962), and that "[i]f [the Hearing Officer's] finding was supported by substantial evidence on the record considered as a whole, the reviewing court is not free to substitute their judgment." *Westchester Plastics of Ohio, Inc. v. NLRB*, 401 F.2d 903, 907 (6th Cir. 1968). Randall has not satisfied the burden necessary to overturn the finding of the Hearing Officer on this issue.

■ Objection six is that the misconduct throughout the "critical period" prior to and during the election resulted in the election's being held in "an atmosphere of coercion, confusion and fear" and "totally destroyed the effective exercise by the employees of the right to vote." The Hearing Officer and the Board considered evidence concerning events in the "critical period," restricted to the time from the filing of the decertification petition through the completion of the election. The Board found that Randall's evidence described only innocuous and isolated events insufficient to support the

charge that the election was held in an atmosphere of coercion and confusion, and insufficient to require vacating of the election. On review, when looking at events in the defined critical period, we find that the Board's determination is supported by substantial evidence.

Randall argues, however, that the Board improperly restricted the critical period in refusing to consider pre-petition events. Acknowledging that the NLRB has established a rule, for the purpose of administrative convenience, against considering pre-petition activities, *Ideal Electric & Mfg. Co.*, 134 NLRB 1275 (1961), Randall argues that the rule is not absolute and that it should not have been followed in this case, in which the effects of the violent strike that preceded the petition influenced the election. Despite the *Ideal Electric* rule, the Board does consider pre-petition conduct on occasion, but only when there is significant post-petition conduct related to or continuing from pre-petition events. *Parke Coal Co.*, 219 NLRB 546 (1975). To consider whether evidence of pre-petition events is to be admitted, the Board must consider the nature of post-petition conduct. If that conduct was insignificant or consisted of isolated incidents, it would be pointless for the Board to burden the hearing with additional evidence concerning pre-petition matters. The Board did not act in a capricious or arbitrary manner in declining to admit and consider pre-petition conduct in this case, because the later conduct was of a minor nature. The causal relationship urged by Randall is weak.

Randall's position is weak also because it consented in early November, shortly after the strike terminated, to hold the election only two weeks thereafter. Aware of the recent violence, it had ample opportunity to consider whether the ill effects of those events would dissipate in so short a time. A later election date could have been requested. To accept Randall's subsequent complaints would be to permit it to gamble in agreeing to an election, knowing that it need not accept results it later found unsatisfactory. This would encourage careless

decisionmaking at the time elections are planned, would undermine the significance of representation elections as determinative events, and would encourage reliance upon protracted post-election remedies.

The most difficult issue concerns objection one, in which Randall claims that the procedures established by the NLRB agents to conduct the election were not followed, resulting in an atmosphere of confusion and fear at the polls. Randall now objects both to the Board's refusal to grant an evidentiary hearing on this objection and to the Board's decision on the merits overruling the objection. One of Randall's main arguments is that the NLRB abused its discretion, violated its own regulations, and ignored several prior holdings of this court because it failed to have the full record transmitted to it from the Regional Director and thus failed to have the full record before it when deciding this issue. The Board reviewed the objection solely on the basis of the Regional Director's report and Randall's exceptions thereto, failing to have transmitted to it the various affidavits accumulated by the investigating Board agent upon which the Regional Director's report was based.

The regulations that the Board has allegedly violated are found at 29 C.F.R. §§ 102.68 and 102.69(g). Together they state that stipulations, documentary evidence, transcripts of oral arguments before the Regional Director, exhibits, affidavits, etc., are all considered part of the record to be transmitted to the Board. This court has on several recent occasions condemned the NLRB's practice of refusing to have the full record transmitted, for, even if it does not expressly violate the regulations, the practice allows the Board greater opportunity to abuse its discretion and complicates the problems faced by the reviewing court. *Prestolite Wire Div. v. NLRB*, 592 F.2d 302 (6th Cir. 1979); *NLRB v. RJR Archer Inc.*, 617 F.2d 161 (6th Cir. 1980); *NLRB v. Curtis Noll Corp.* 634 F.2d 1027 (6th Cir. 1980).

The present case, however, is distinguishable from the *Prestolite* line of cases. Hearings in this case were held concerning

objections two and six, at which Randall submitted evidence concerning matters relevant to objection one. The evidence for objection six, in fact, the Hearing Officer concluded, was "coextensive" with that for objection one, for they both concerned conditions and alleged misconduct during the election. In deciding that the evidence failed to support Randall's other objections, the Hearing Officer in effect came to the same conclusion for objection one. Unlike *Prestolite*, whose circumstances provided no alternate method for the aggrieved party to supply evidence and construct the record necessary for review, the present case allowed Randall overlapping opportunities to do so. Therefore, granting Randall yet another opportunity to present the same evidence would serve no purpose but delay.

Randall argues that the Board nonetheless improperly decided that a hearing on objection one was unnecessary. Review of this question is governed by *NLRB v. Tennessee Packers, Inc.*, 379 F.2d 172 (6th Cir.), *cert. denied*, 389 U.S. 958, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967). In that case this court held that according to the applicable regulations in a consent election (such as the one challenged by Randall), the Board need order a hearing only when "substantial and material factual issues" are raised. *Id.* at 177, quoting 29 C.F.R. § 102.69(f). The court continued:

> In order to raise "substantial and material factual issues," it is necessary for a party to do more than question the interpretation and inferences placed upon the facts by the Regional Director. [Citations omitted.] It is incumbent upon the party seeking a hearing to clearly demonstrate that factual issues exist which can only be resolved by an evidentiary hearing. The exceptions must state the specific findings that are controverted and must show what evidence will be presented to support a contrary finding or conclusion.

*Id.* at 178.

This test is not met in the present case. Review of the Regional Director's report on objection one reveals that he accepted as true much of the testimony favorable to Randall or held that it was unnecessary to choose between conflicting testimony. Regardless of how the evidence was viewed, it failed to support Randall's assertions, which were held therefore to be without merit. In addition, Randall's exceptions to the Regional Director's decision on objection one fail to raise "substantial and material factual issues." Many of the exceptions challenge the conclusions or interpretations of fact made by the Regional Director, and according to *Tennessee Packers* such exceptions do not support a request for a hearing. Randall did present some exceptions challenging specific factual findings. These, however, were either insignificant to the point that reconsideration of those claims could not affect the outcome, or unsupported by specific evidence that would urge "a contrary finding or conclusion," as required by *Tennessee Packers*. In *NLRB v. Bata Shoe Co.*, 377 F.2d 821 (4th Cir.), *cert. denied*, 389 U.S. 917, 88 S.Ct. 238, 19 L.Ed.2d 265 (1967), upon which Randall relies, the employer presented specific evidence of more severe procedural irregularities that demonstrably affected the election results. Randall, in contrast, in this as in the other issues, fails to support its claims with anything more than general assertions that the election must have been adversely affected.

■ Finally, we hold that on the merits of objection one Randall has failed to satisfy the burden necessary to overturn the Board's conclusion. Randall described various events at the election—pushing, threats, and foul language among the voters, disruption of the voting schedule, an initial failure to provide for two lines of voters, and an instance of a Board agent's becoming flustered—to support its assertion that the election was held in an atmosphere of confusion and fear. The Regional Director, however, found that the evidence failed to demonstrate that these occurrences interfered with the voters' exercise of free choice or impugned the integrity of the election. The Board upheld the Regional Director. This decision does not constitute

an abuse of discretion, and we, therefore, will not disturb it.

Having found no merit to the arguments presented by Randall, we deny its petition to set aside the NLRB's order. The Board's cross-petition for enforcement of the order is granted.