## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## NORTH ELECTRIC COMPANY, PLANT NO. 10, Respondent.

### No. 79–1211.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 11, 1980.

Decided March 26, 1981.

Elliott Moore, Kathy Krieger, Howard E. Perlstein, Deputy Associates Gen. Counsel, James D. Donathen, N. L. R. B., Washington, D. C., Curtis L. Mack, Director, Region 10, N. L. R. B., Atlanta, Ga., for petitioner.

John M. Arnold, Smith, Currie & Hancock, Timothy W. Johnson, Atlanta, Ga., for respondent.

Before BROWN and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

BAILEY BROWN, Circuit Judge.

This case is before the court on the petition of the National Labor Relations Board for enforcement of its order to North Electric Company, Plant No. 10 (North) to bargain with the Communications Workers of America (Union). The Board's decision and order are reported at 240 N.L.R.B. No. 32.

In October, 1974, a representation election was held at North's plant in Gray, Tennessee. The Union lost the election by a two-to-one margin, 1441 to 762. The Union then filed unfair labor practice charges against North, alleging that North had engaged in prohibited activities that undermined the fairness of the election and demanded a new election. A complaint was issued by the General Counsel and a hearing was held before an Administrative Law Judge (ALJ). The ALJ found that North had committed no unfair labor practices during the election campaign and dismissed the complaint. The Board, however, concluded that North had committed unfair labor practices during the campaign, reversed the ALJ and ordered a new election. 225 N.L.R.B. No. 53. This court enforced the Board's order. *NLRB v. North Electric,* 588 F.2d 213 (6th Cir. 1978).

The second election was conducted on October 6 and 7, 1976. This time the Union won by a vote of 682 to 679. There were five void and two challenged ballots. North filed timely objections to the election on the grounds that (1) employees were unlawfully threatened by Union supporters, and (2) material misrepresentations were made on the eve of the election by the Union to employees at a time when North was unable to effectively reply. The Regional Director, in the exercise of his reasonable discretion decided not to conduct a hearing on North's objections, but he did conduct an administrative investigation pursuant to 29 C.F.R. § 102.69(d). On the basis of his administrative investigation the Regional Director issued a report in which he recommended that North's objections be overruled and the Union be certified. The Board adopted the Regional Director's findings and certified the Union.

North then refused to bargain with the Union. In the unfair labor practice proceeding that followed North acknowledged that it had refused to bargain with the Union, but denied that it had violated Section 8(a)(5) because, North argued, the Board had improperly certified the Union. The Board granted the General Counsel's motion for summary judgment and this proceeding followed.

The purpose of North's refusal to bargain was to obtain judicial review of the Board's decision to overrule North's election objections. Here North raises both substantive and procedural complaints about the Board's decision to adopt the Regional Director's report, overrule its objections and certify the Union. The substantive complaint is that the Board, as a matter of law, incorrectly decided the two issues raised by

North in the representation proceedings; i. e., employees were unlawfully threatened and material misrepresentations were made by the Union on the eve of the election. The procedural complaint is that the Board did not have the entire record before it when it decided to adopt the Regional Director's report. Since we agree with North that proper procedures were not followed we do not deal with the substantive issues at this time.

The procedural problem with which we are confronted is one that has been recurring with some regularity in the last few years. There seems to have been a rash of cases in which the Regional Director has failed to transmit the record to the Board along with his recommendations. As noted earlier, the Regional Director did not hold a hearing on North's election objections but conducted an administrative investigation. In the process of making his investigation the Regional Director collected and considered a variety of documentary evidence. This evidence is discussed in the Regional Director's report, and, indeed, is relied upon to support the report's conclusions. The Regional Director did not, however, transmit this evidence to the Board as part of the record. The documents that were not transmitted to the Board include a copy of the Union's election eve mailing that North argues contains material misrepresentations, a Union leaflet containing statements related to the mailing, affidavits taken by Board agents of employees who were allegedly threatened and the statement of an employee who was allegedly threatened. Therefore, in considering North's election objections the Board did not have the benefit of actually reviewing the documents in the record. North argues that this was a violation by the Board of its own regulation (29 C.F.R. § 102.69(g)) as well as a denial of procedural due process.

We have considered this issue several times in the past two years and are now called upon to clarify the scope of our prior decisions. The question with which we are confronted is as follows: does 29 C.F.R. § 102.69(g) require the Regional Director to transmit the entire record to the Board in cases in which there is only an administrative investigation and no hearing? 29 C.F.R. § 102.69(g) provides:

(g) The notice of hearing, motions, rulings, orders, stenographic report of the hearing, stipulations, exceptions, documentary evidence, together with the objections to the conduct of the election or conduct affecting the results of the election, any report on such objections, any report on challenged ballots, exceptions to any such report, any briefs or other legal memoranda submitted by the parties, the decision of the regional director, if any, and the record previously made as described in § 102.68, shall constitute the record in the case. Materials other than those set out above shall not be a part of the record; except that in a proceeding in which no hearing is held, a party filing exceptions to a regional director's report on objections or challenges, a request for review of a regional director's decision on objections or challenges, or any opposition thereto, may append to its submission to the Board copies of documents it has timely submitted to the regional director and which were not included in the report or decision. Immediately upon issuance of a report on objections or challenges, or both, upon issuance by the regional director of an order transferring the case to the Board, or upon issuance of an order granting a request for review by the Board, the regional director shall transmit the record to the Board.

The plain language of the regulation seems to require the Regional Director to transmit the entire record to the Board in all cases. The Board argues,[1] however, that the Regional Director is required to transmit the entire record only in cases in which there was a hearing. For this proposition the Board relies on the second sentence of 29 C.F.R. § 102.69(g), which provides that in

cases in which no hearing is held the objecting party may submit copies of documents to the Board that were submitted to the Regional Director. The Board's position is that if the Regional Director were required to transmit the record in all cases this provision would be meaningless. The Board also points out that it is not required to hold a hearing on all election objections, nor is it required to make a *de novo* review after the Regional Director has conducted an administrative investigation.

It is clear that a party objecting to an election has the right to have its objections reviewed by the Board. 29 C.F.R. § 102.69. Simply because a party objects to the conduct of an election does not, however, mean it has the right to a hearing. Under Board regulations either the Regional Director or the Board may determine, in the exercise of reasonable discretion, that a hearing is warranted. On the other hand, after reviewing the objections and the evidence, they may decide that no hearing is necessary. Nothing said here should be taken to indicate that the Board is required to hold a hearing in every case raising election objections. In proper cases election objections may be resolved on the basis of an administrative investigation alone. *NLRB v. Tennessee Packers, Inc.*, 379 F.2d 172, 178 (6th Cir.), *cert. denied*, 389 U.S. 958, 88 S.Ct. 388, 19 L.Ed.2d 364 (1967).

The present case was decided on the basis of an administrative investigation. North's primary argument is not that it was wrongfully denied a hearing, although that argument is raised, but rather that the Board failed to consider the evidence in the record. The Board argues that it need not review the evidence considered by the Regional Director, and that it may confine its review to the Regional Director's report and the briefs submitted by the parties. We note, though, that even under the Board's interpretation of 29 C.F.R. § 102.69(g), while the Regional Director is not required to transmit the record, the objecting party can submit to the Board all the documentary evidence it submitted to the Regional Director. The Board does not argue that it may ignore any documentary evidence submitted in this fashion.

We reject the Board's interpretation of 29 C.F.R. § 102.69(g) and hold that the regulation requires the Board to review all the evidence relied upon by the Regional Director. If the Board's interpretation was accepted we think serious due process problems would be presented. *Prestolite Wire Division v. NLRB*, 592 F.2d 302 (6th Cir. 1979) established generally that 29 C.F.R. § 102.69(g) requires the Regional Director to transmit the record to the Board in cases in which no hearing is held. Although *Prestolite* did not expressly hold that the Regional Director must transmit the record in all cases, it is clear that the court felt the burden was on the Regional Director to do so.

Without expressly ruling that the Regional Director is invariably required under Section 102.69(g) to transmit to the Board all of the materials considered by him (although the language says "shall"), we think that the better practice is to do so and we are unable to fault the company for having failed to anticipate that this procedure would not have been followed here. It is true that subsection (g) does permit the party filing exceptions to "append to its submission to the Board copies of documents it has timely submitted to the regional director and which were not included in the report or decision." We cannot, however, construe this language to shift from the Regional Director to the petitioner the responsibility for assembling and transmitting the record. The mechanics for such a transmission are lacking and we believe that the Board's review would be more reliably facilitated by following the plain language of its rule. In addition, the petitioner would be entirely without power to transmit the employee affidavits which the investigating officer had obtained. *Id.* at 305. The *Prestolite* reasoning was given its logical extension in *NLRB v. Curtis Noll Corp.*, 634 F.2d 1027 (6th Cir. 1980) (per curiam). There we stated as a blanket rule:

This Court also holds that the Board abuses its discretion by adopting the report

of the Regional Director when the Regional Director fails to transmit to the Board the evidence relied upon by the Regional Director.

*Id.* at 1029.

■ Without reviewing the evidence it is impossible for the Board to determine whether the Regional Director's recommendations should be followed or set aside. We view the Board's position that it does not have to review the documentary evidence as an abdication of its responsibilities under the National Labor Relations Act. If the Board does not look at the evidence it can do nothing but rubber stamp the Regional Director's decision. Meaningful review is impossible without a review of the evidence. In addition, if the Board does not review the evidence and make it part of the record, it is impossible for a court to review the Board's action, since there is no record to review. We hold that it is an abuse of discretion for the Board to adopt the report of the Regional Director without reviewing the documentary evidence relied upon by the Regional Director.

■ We further hold that the burden of transmitting the record to the Board lies with the Regional Director. *Prestolite* outlined all the reasons why the responsibility for transmitting the record to the Board should lie with the Regional Director. 592 F.2d at 305. We think the reasons stated in *Prestolite* are persuasive and the responsibility for transmitting the record should be with the Regional Director. Therefore, we confirm the extension of *Prestolite* that we made in *Curtis Noll* and require the Regional Director to transmit the record, as defined in the first sentence of 29 C.F.R. § 102.69(g), to the Board with the report and recommendations on election objections. This burden is a very slight one and we cannot see that any difficulty will be encountered in complying with it.

Finally, we must determine the appropriate remedy for this violation of procedure by the Board. In both *Prestolite* and *Curtis*

*Noll* the procedural posture of the case was identical to the present case: the Board certified the union over objection by the employer, without conducting a hearing or reviewing the evidence relied upon by the Regional Director in making his recommendations. In both of those cases we remanded to the Board with instructions to conduct a hearing on the employer's election objections. Despite the fact that the procedural posture of these cases is identical, we do not think we should order the Board to conduct a hearing in this case.

We have stated previously where, over objection, the Board certifies the union without the benefit of either a hearing or the full record, we will construe the well-pleaded factual assertions in the employer's objections most favorably to the employer. *Prestolite Wire Division v. NLRB*, 592 F.2d at 306–07. Nonetheless, the question whether a hearing is compelled is to be determined on a case by case basis. In both *Prestolite* and *Curtis Noll* the employer's objections, on their face, raised material factual disputes with the Regional Director's report, and, as a result, the denial of a hearing was an abuse of discretion.

We have carefully reviewed North's objections to the election and its exceptions to the Regional Director's report. Even construing the objections most favorably to North, the objections do not, on their face, raise such material *factual* disputes to warrant an order to the Board to conduct a hearing. The problem here is more that of interpreting and giving weight to the evidence developed by the Regional Director. Whether these objections, when reviewed with the documentary evidence in the record,[2] will be sufficient to require a hearing is a matter better left for the Board to determine. We think the Board is the appropriate body to make this determination in the first instance under these circumstances.

Since the Board adopted the Regional Director's report without reviewing the doc-

**2.** Although North has appended the documents in question to its brief, we do not consider this to be a satisfactory method of augmenting an otherwise incomplete record. Therefore, we do not consider the documents properly before us to review.

umentary evidence relied upon by the Regional Director, we deny the Board's Petition to Enforce, set aside the certification and remand with instructions to the Board to reconsider the Regional Director's report with the evidence in the record.

NATHANIEL R. JONES, Circuit Judge, concurring.

Contrary to Circuit precedent, the majority opinion holds that the "plain language" of 29 C.F.R. § 102.69(g) requires the Regional Director to transmit to the Board the entire record of documentary evidence compiled in his administrative investigation. As was aptly stated in *Randall, Burkhart/Randall Division of Textron, Inc. v. NLRB*, 638 F.2d 957 (6th Cir. 1981) at 960–61:

> The regulations that the Board has allegedly violated are found at 29 C.F.R. §§ 102.68 and 102.69(g). Together they state that stipulations, documentary evidence, transcripts of oral arguments before the Regional Director, exhibits, affidavits, etc., are all considered part of the record to be transmitted to the Board. This court has on several recent occasions condemned the NLRB practice of refusing to have the full record transmitted, *for, even if it does not expressly violate the regulations*, the practice allows the Board greater opportunity to abuse its discretion and complicates the problems faced by the reviewing court. *Prestolite Wire Div. v. NLRB*, 592 F.2d 302 (6th Cir. 1979); *NLRB v. RJR Archer, Inc.*, 617 F.2d 161 (6th Cir. 1980); *NLRB v. Curtis Noll Corp.*, 634 F.2d 1027 (6th Cir. 1980). (emphasis added)

Nor do I believe that due process mandates the majority's construction of 29 C.F.R. § 102.69(g). Such a holding, merely hinted at in the majority opinion, would render their opinion unnecessary and, indeed, misleading. The majority's opinion as currently written "invites" the Board to rewrite 29 C.F.R. § 102.69(g) to clearly require a party other than the Regional Director to transmit to the Board pertinent parts of the documentary evidence compiled in his administrative investigation. At that point, our Court is left where we started.

Because I prefer that we avoid that sense of déjà vu, I would hold that "the Board abuses its discretion when the Regional Director fails to transmit to the Board the evidence relied upon by the Regional Director." *NLRB v. Curtis Noll Corp.*, 634 F.2d 1027 (6th Cir. 1980), at 1029.

Because I believe we are bound by the decision in *Curtis Noll*, I concur in the judgment of the Court. I also concur in the majority opinion's articulation of the appropriate appellate remedies when the Board abuses its discretion.