**REICHART FURNITURE COMPANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 79–1274.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1981.

Decided May 13, 1981.

Rehearing and Rehearing En Banc Denied July 9, 1981.

Edward J. Simerka, Robb R. Reinker, Schwartz, Einhart & Simerka, Cleveland, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Susan Williams, N. L. R. B., Washington, D. C., Bernard Levine, Director, Region 8, N. L. R. B., Cleveland, Ohio, for respondent.

Before EDWARDS, Chief Judge, and ENGEL and MERRITT, Circuit Judges.

PER CURIAM.

On receipt and consideration of a petition for review and a cross-application for enforcement of an order of the National Labor Relations Board cited at 238 N.L.R.B. 1578 (1978), this court notes that the threshold question in this case is whether or not the Board erred in overruling the Company's objections to the validity of the representation election at which the Union[1] prevailed by a vote of 15 to 9.

---

1. The contesting parties in the election were respectively the Retail Clerks International Union, AFL–CIO (the Union) and the Independent Furniture Workers of the Ohio Valley or Tri-State Area (the Intervenor).

Subsequent to the election, the Company filed timely objections as to which the Regional Director conducted an administrative investigation, affording the Company full opportunity to proffer proof supporting the allegations and to provide additional information and clarification to aid in the Board's own investigation. Subsequent thereto, the Regional Director issued his report overruling the objections in their entirety and recommending that the Board certify the Union as the exclusive bargaining representative of the Company's employees. The Company thereupon filed timely exceptions to the Regional Director's report and sought a hearing on its objections. After considering the Regional Director's report and the Company's exceptions, affidavits and documents in support of its exceptions and its brief, the Board adopted the Regional Director's findings, conclusions and recommendations and certified the Union as the bargaining representative of the Company's employees.

Thereafter, the Union requested bargaining, which the Company refused, and the present unfair labor practice charge was filed contending that the Company's refusal to bargain violated Sections 8(a)(5) and (1) of the National Labor Relations Act. The Board specifically held that issues not raised by the Company in the prior representation proceeding were not "properly litigable in this unfair labor practice proceeding." 238 N.L.R.B. at 1579. Further, the Board reaffirmed its determination in the representation proceeding that the Company had failed to raise "substantial or material issues warranting a hearing" (*id.*) and granted summary judgment requiring the Company to cease and desist from refusing to bargain with the Union or continue to violate the National Labor Relations Act.

On examination of the briefs and record in this case, the court holds that the Board was acting within its appropriate discretion in denying a hearing since no challenge to the election advanced by the Company presented a substantial challenge to the fairness of the election. In *NLRB v. Tennessee Packers, Inc.*, 379 F.2d 172, 177, 178 (6th Cir. 1967), *cert. denied*, 389 U.S. 958, this court said:

It is incumbent upon the party seeking a hearing to clearly demonstrate that factual issues exist which can only be resolved by an evidentiary hearing. The exceptions must state the specific findings that are controverted and must show what evidence will be presented to support a contrary finding or conclusion. Mere disagreement with the Regional Director's reasoning and conclusions do[es] not raise "substantial and material factual issues." This is not to say that a party cannot except to the inferences and conclusions drawn by the Regional Director, but that such disagreement, in itself, cannot be the basis for demanding a hearing. To request a hearing a party must, in its exceptions, define its disagreements and make an offer of proof to support findings contrary to those of the Regional Director. The Board is entitled to rely on the report of the Regional Director in the absence of specific assertions of error, substantiated by offers of proof.

(Citations omitted.)

These principles have never been overruled in this court and in fact were reaffirmed in *Prestolite Wire Division v. NLRB*, 592 F.2d 302, 306 (6th Cir. 1979).

As this court sees this record, it fails to present factual issues and offers of proof thereon which demand an evidentiary hearing before the Board. This conclusion serves to distinguish this case from *Prestolite Wire, supra*, and *NLRB v. North Electric Co.*, 644 F.2d 580 (6th Cir. 1981).

MERRITT, Circuit Judge, concurring.

I agree with the result reached by the Court in this case, but I do not think the opinion adequately articulates the distinction between this case and *Prestolite Wire Division v. N. L. R. B.*, 592 F.2d 302 (6th Cir. 1979); *N. L. R. B. v. Curtis Noll Corp.*, 634 F.2d 1027 (6th Cir. 1980) and *N. L. R. B. v. North Electric Company, Plant No. 10*, 644 F.2d 580 (6th Cir. 1981). In those cases this Court suggested that the N.L.R.B.'s own rules appear to require, and due process demands, that where a substantial ques-

tion is raised by an employer regarding the fairness of a representation proceeding, the Regional Director must include in the record transmitted to the Board "documentary evidence" gathered by the Regional Director in connection with his investigation. Section 102.69(g) states that "the Regional Director shall transmit the record to the Board," and that the record shall include "documentary evidence" in addition to certain other papers. In *N. L. R. B. v. North Electric Co., supra,* we rejected "the Board's position that it does not have to review the documentary evidence" stating that this position is "an abdication of its responsibilities under the National Labor Relations Act." (P. 584). This is the position of our Court stated in *Prestolite* and *Curtis Noll* as well.

I would not enforce this principle in the present case, however, because the company's arguments are insubstantial and in most instances frivolous. Its argument that remarks by the Board's agent during the election interfered with the election process and its claim that the Union made misrepresentations concerning its constitution and bylaws are to my mind frivolous. I do not see anything in the briefs or in the record that makes out a colorable claim. If the situation were otherwise, however, and the case presented real questions concerning the fairness of the representation proceeding, I cannot at the present time see how either the Board or this Court could review the fairness of the election without having before us the documentary evidence on which the Regional Director based his decision. In the instant case the company has used a "shotgun" approach and has failed to proffer or suggest the probability of any facts that would warrant setting the election aside under applicable legal standards. For this reason I concur in the decision of the Court that the Board was excused from enforcing its rule requiring that all documentary evidence gathered by the Regional Director be made a part of the record.