## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## DECIBEL PRODUCTS, INC., Respondent.

### No. 80–1682.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 30, 1981.

---

Elliott Moore, Deputy Assoc. Gen. Counsel, Michael R. White, Atty., NLRB, Washington, D. C., for petitioner.

Pray, Walker, Jackman, Williamson & Marlar, William D. Toney, Tulsa, Okl., for respondent.

Before THORNBERRY, COLEMAN and AINSWORTH, Circuit Judges.

COLEMAN, Circuit Judge.

On June 1, 1979, Decibel employees at its Dallas plant voted 82 to 58 in favor of representation by UAW. Decibel challenged certain election procedures but the National Labor Relations Board certified the Union as the exclusive representative of the workers.

Claiming that Union certification was improper, Decibel refused to bargain with the UAW. On December 10, 1979, UAW filed an unfair labor practice charge against Decibel. The Board investigated the charge and at the culmination of its administrative process, on April 22, 1980, found Decibel to be in violation of Section 8(a)(5) and (1) and Sections 2(6) and (7) of the National Labor Relations Act, 29 U.S.C. 151 *et seq.* It ordered Decibel to bargain with the UAW. The Board seeks enforcement of this order.

For the reasons stated *post*, we deny the Board's petition to enforce. We set aside the certification. We remand with the instruction that the Board consider *all the evidence in the record,* and that it reconsider the Regional Director's report in the light of that evidence.

The issue presented in this case has recently been confronted and decided by the Sixth Circuit in *N.L.R.B. v. North Electric Company, Plant No. 10,* 644 F.2d 580 (1981). We agree with the reasoning applied and the result reached in that case.

In the instant case, Decibel argued that improper election practices infected the election and that a new election should be held. It contended that when an N.L.R.B. official in charge of the election carried the ballots, during the counting process, to a private office for the purpose of making a telephone call, outside the view of election observers, she destroyed the secrecy of the ballot box and thus fatally tainted the election. It was further contended that Union partisans, wearing T-shirts displaying the words "Vote UAW" and "Vote Yes UAW", paraded back and forth in view of the voters, creating a circus atmosphere, amounting to illegal electioneering near polling stations, citing *Clausen Baking Company,* 134 N.L.R.B. 111 (1961). Finally, it is contended that a Union observer held up a clenched fist to voters, tending to create an atmosphere of fear and compulsion.

For the reasons immediately to follow, we do not reach the merits of these arguments. We find ourselves unable to do so because in its consideration of this case the Board considered nothing but the Regional Director's report. It did not review the record. *See N.L.R.B. v. North Electric Company, Plant No. 10, supra.*

Decibel's objections had been made the subject of an administrative investigation. Based upon the investigation and upon affidavits submitted by Decibel, the Regional Director for the N.L.R.B. made a determination against the Company, which was submitted to the Board by the Director's report. In deciding whether to affirm or reverse the Regional Director's decision the panel reviewed nothing but the report. It did not review the affidavits which had been submitted by Decibel and did not examine the entire record compiled by the Regional Director. It denied Decibel a hearing. Instead, it granted the motion of the General Counsel for a *summary judgment*, overruling Decibel's objections.

We do not agree with the Board argument that in remanding this case for a consideration of the complete record we are in conflict with our prior decision in *Birmingham Ornamental Iron Company v. National Labor Relations Board*, 615 F.2d 661 (5th Cir., 1980). In that case the panel held that the objections filed by the employer were so lacking in factual detail that they might be denied both by the Regional Director and the Board entirely without recourse to the administrative record, that is, to any part of it. The panel then proceeded to hold that it did not need "to decide whether, if sufficient factual allegations are stated in the exceptions to the District Director's report to meet these requirements, the provisions of section (g) require the inclusion of the affidavits in the Regional Director's file as a part of the record on review".

The panel then observed that "the failure to include affidavits as applied to the Re-gional Director is not a *per se* basis for setting aside the District Director's report", citing *N.L.R.B. v. Dobbs House, Inc.*, 613 F.2d 1254 (5th Cir., 1980), another case in which the decision of this question was pretermitted.

Leaving aside whether the foregoing statement was necessary to the *Birmingham* decision, we need not go so far here as to say that we are laying down a *per se* rule. What we do note is that as in *National Labor Relations Board v. North Electric Company, supra*, there were allegations here of threats and intimidation of the voting employees, as well as a most unusual handling of the ballot box during the counting process.

In keeping with the rationale of *North Electric* we hold that in this case the Board should have had the entire record before it while considering its decision.[1] In our opinion, to hold otherwise would deny the employer procedural due process and would countenance an abuse of discretion by the Board.

Enforcement denied, without prejudice.

Certification of the Union set aside.

Remanded to the Board with instructions that along with the Regional Director's report it shall also consider the entire record compiled in connection with the report.

IT IS SO ORDERED.

THORNBERRY, Circuit Judge, specially concurring:

Although I do not disagree with the majority's result in this case, I am troubled by its reliance on *NLRB v. North Electric Company, Plant No. 10*, 644 F.2d 580 (6th Cir. 1981). In *North Electric*, the Sixth Circuit held that "it is an abuse of discretion for the Board to adopt the report of the Regional Director without reviewing the evidence relied upon by the Regional Director." *Id.* at 584. Further, the *North Electric* court held that the Regional Director must transmit the entire record to

---

1. In the ultimate, by considering nothing but the Regional Director's report, the Board allowed the Director to decide the case instead of making its own determination, based on the record as a whole.

the Board in order to facilitate the Board's review of the evidence. *Id.* at 583, 584. In short, the court established a per se rule under 29 C.F.R. § 102.69(g).

As I understand the majority, we do not and cannot accept the per se rule of *North Electric.* In *Birmingham Ornamental Iron Company v. NLRB*, 615 F.2d 661 (5th Cir. 1980), this Circuit held that "the failure to include affidavits as applied to the regional director is not a *per se* basis for setting aside the district director's report." *Id.* at 667 (emphasis in original), *citing NLRB v. Dobbs House, Inc.*, 613 F.2d 1254 (5th Cir. 1980). I agree, however, that "if sufficient factual allegations are stated in the exceptions to the district director's report... the provisions of section (g) require the inclusion of the affidavits in the regional director's file as a part of the record on review." 615 F.2d at 667. In this case, the allegations of vote counting improprieties and of intimidation of the voting employees are sufficient to require the transmission of the record to the NLRB for Board consideration.