**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FOREST CITY ENTERPRISES, INC., Respondent.**

No. 80–1378.

United States Court of Appeals, Sixth Circuit.

Nov. 10, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Barbara A. Atkins, Washington, D. C., for petitioner.

Andrew C. Meyer, Duvin, Flinker & Cahn Co., Frank W. Buck, Cleveland, Ohio, for respondent.

Before KEITH and MERRITT, Circuit Judges, and ALDRICH,* District Judge.

### ORDER

In this case the NLRB seeks enforcement of its cease and desist order against respondent Forest City Enterprises' (the "Company") refusal to bargain with the certified union in violation of § 8(a)(5) and (1) of the National Labor Relations Act. The Company justifies its refusal to bargain on the grounds (1) that the Board's certification of a single store bargaining unit was inappropriate, and (2) that the representation election was invalid because certain actions of the NLRB agent conducting the election destroyed the integrity and neutrality of the Board's procedures. We find that the Board did not abuse its discretion in certifying a single store as a bargaining unit, and that the NLRB misconduct alleged by the company was not so substantial as to have affected the outcome of the representation election. We therefore affirm the order of the NLRB.

In August, 1978 the union filed a representation petition seeking to represent the Company's employees at one of the Company's two retail stores in Akron, Ohio. The Company unsuccessfully contested the designation of the single store (the "Rolling Acres" store) as an appropriate bargaining unit claiming that the bargaining unit must include employees from both the Company's Akron area stores.

The union won a representation election (36 to 22) on December 1, 1978; however, the Company filed objections to the election claiming that the Board agent who conducted the election was unfairly prejudiced in favor of the union. The Regional Director conducted an investigation but refused the Company's request for a hearing and overruled the Company's objections finding that they did not raise substantial and material issues of fact or law. The union was certified as the exclusive collective bargaining representative. The Company's request for review of the Regional Director's decision was denied by the Board on April 5, 1979.

Unfair labor practice proceedings were initiated by the newly certified union after the Company refused to bargain with it. The Board granted summary judgment against the Company, finding a violation of Section 8(a)(5) and (1), and ordered the Company to bargain with the union. 248 N.L.R.B. No. 5 (March 3, 1980). The Board now petitions this Court for enforcement of its order.

### I.

■ The Company first argues that it should not be required to bargain with the union because the designation of a single store bargaining unit in this case was inappropriate. To justify its refusal, the Company must establish that the Board abused its discretion in designating the bargaining unit, *Meijer, Inc. v. NLRB*, 564 F.2d 737, 743 (6th Cir. 1977); and where the Board designates a single store bargaining unit, the Company has the additional burden of rebutting a presumption in favor of the designation, *Haag Drug Co.*, 169 NLRB 899, 878 (1968). The Company has failed to overcome its burdens in this case.

■ Although Forest City Enterprises operates a multistate retail store chain with two stores in the Akron market area, the manager of the Rolling Acres store has significant control over the day to day operations and his decisions are rarely challenged by the central management. Moreover, there is little employee interchange between stores, and the attempts to organize a union and to initiate bargaining have

---

* The Honorable Ann Aldrich, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

occurred solely at the single store level. These factors support the view that the individual unit is able to deal with day to day issues of the bargaining relationship, *Meijer, Inc. v. NLRB*, 564 F.2d at 740. In light of the absence of broader union activity within the Company, the selection of a single store bargaining unit advances the policy of assuring employees the "fullest freedom" in exercising their rights under the NLRA. 29 U.S.C. § 159(b) (1976); *Meijer, Inc.*, 564 F.2d at 742–43; *Michigan Hospital Service Corp. v. NLRB*, 472 F.2d 293, 296 (6th Cir. 1972).

There is thus ample basis for a finding that the designation of the single store bargaining unit was appropriate here.

## II.

 Disposition of the claim that the alleged irregularities in the representation election constitute a sufficient justification for the Company's refusal to bargain turns on the determination whether the objections raised, viewed in the light most favorable to the Company, merited a full hearing before the NLRB, or whether the objections were so insubstantial as to have neither impaired the neutrality of the election nor significantly affected the outcome.

The Company made 10 specific charges of election irregularities, which taken together amount to a claim that the Board agent was biased in favor of the union and that her bias was apparent to many employees destroying the "laboratory conditions" under which elections should be conducted.

We agree with the Board's determination that a sufficient number of employees was not affected to have changed the outcome of the election. See *NLRB v. Bostik Division, USM Corp.*, 517 F.2d 971, 975 (6th Cir. 1975). We also find that the irregularities were not so extreme as to destroy confidence in the Board's election process. Cf. *Provincial House, Inc. v. NLRB*, 568 F.2d 8 (6th Cir. 1977) (Board agent fraternizing with union members).

Because we find that the objections, when interpreted in a manner most favorable to the Company's case fail to present any "substantial and material issues of fact," we agree that the Company was not entitled to a hearing in this case. The Regional Director conducted an *ex parte* investigation of the objections and found them insufficient to overturn the election. The Company then filed exceptions to the Regional Director's report which the Board found did not raise substantial issues warranting review. This Court has previously upheld such a procedure on similarly narrow grounds. *Reichart Furniture Co. v. NLRB*, 649 F.2d 397 (6th Cir. 1981).

 Nonetheless, we must again emphasize that where a hearing is not granted and the determination whether objections to elections are substantial depends entirely on an *ex parte* report prepared by the Regional Director, that report must be included in the record submitted to the Board and the Court of Appeals. This Court has repeatedly suggested that due process demands and that the NLRB regulations apparently require such a record where substantial questions regarding the fairness of union elections are raised. See *Reichart Furniture Co. v. NLRB*, 649 F.2d 397, 398–99 (Merritt, J., concurring); *NLRB v. North Electric Co., Plant No. 10*, 644 F.2d 580 (6th Cir. 1981); *NLRB v. Curtis Noll Corp.*, 634 F.2d 1027 (6th Cir. 1980); *Prestolite Wire Division v. NLRB*, 592 F.2d 302 (6th Cir. 1979).

We find that the NLRB has not erred in issuing the order requiring the Company to bargain with the certified union. The order is hereby enforced.