NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

MacDONALD'S INDUSTRIAL PRODUCTS, INC., Respondent.

No. 83–5199.

United States Court of Appeals, Sixth Circuit.

Argued March 8, 1984.

Decided April 6, 1984.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Frederick Havard, argued, Elinor Hadley Stillman, Washington, D.C., for petitioner.

Peter Kok, Brent Rector, argued, Grand Rapids, Mich., for respondent.

Before KEITH and MERRITT, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

MERRITT, Circuit Judge.

This appeal comes before the Court under 29 U.S.C. § 160(e) (1976) upon the application of the National Labor Relations Board (NLRB) for enforcement of its order against MacDonald's Industrial Products, Inc. We find no error in the NLRB's decision to order MacDonald's to cease and desist from refusing to bargain with the union. Therefore, we enforce the NLRB's order.

## I.

In May, 1981, the NLRB conducted a representation election at MacDonald's plants in Sparta and Grand Rapids, Michigan. Fifty-five of the counted ballots were cast for the United Automobile, Aerospace and Agricultural Workers of America, and fifty-two ballots were cast against the union. Four ballots were challenged.

The company filed a series of objections to conduct that allegedly affected the election, including an alleged incident in which an agent of the union made remarks to an employee which dissuaded him from voting in the election. The NLRB's Regional Director ordered a hearing on the four challenged ballots and the company's objections.

After the hearing, the NLRB Hearing Officer recommended that the challenges to three of the four ballots be overruled, and that those ballots be opened and counted. He further recommended that the company's objections to conduct allegedly affecting the election be overruled. With regard to the claim that the union's agent improperly dissuaded one employee from voting, the Hearing Officer held that the company had failed to establish that it was a union agent who engaged in the alleged misconduct.

The company filed exceptions to the Hearing Officer's report, asserting that he erred in finding that the union's agent was not the person responsible for disenfranchising the employee, and that the election should be set aside in any event. The Board disagreed and adopted the Hearing Officer's recommendations. The three ballots were opened, and the revised tally indicated fifty-six votes for the union and fifty-four against. Accordingly, on February 24, 1982, the NLRB certified the election.

The company, however, refused to bargain with the union on grounds that the certification was improper. The union filed unfair labor practice charges against the company for its refusal to bargain, and the NLRB issued a summary judgment concluding that the company's refusal to bargain with the union violated sections 8(a)(1) and (5) of the National Labor Relations Act. The Board's order requires the company to cease and desist from refusing to bargain with the union, and affirmatively mandates the company to bargain and to embody any agreement in a signed contract.

## II.

The company concedes that it has refused to recognize and bargain with the union, which has been certified as the collective bargaining representative of the company's production and maintenance employees. Therefore, the only question before us is whether the Board abused its discretion in declining to set aside the election on the basis of the company's objection concern-

ing the alleged disenfranchisement of one employee. *See NLRB v. Curtis Noll Corp.*, 634 F.2d 1027, 1028 (6th Cir.1980) (in reviewing Board determinations as to fairness of elections, court's inquiry is limited to whether the Board has abused its discretion in conducting the election in question). We find that the Board did not abuse its discretion.

The party who seeks to overturn the results of a representation election has the burden of showing that the election was not conducted fairly. *NLRB v. Basic Wire Products, Inc.*, 516 F.2d 261, 263 (6th Cir.1975). To meet this burden, the objecting party must show "not only that the unlawful acts occurred, but also that they interfered with the employees' exercise of free choice to such an extent that they materially affected the results of the election." *NLRB v. Bostik Division, USM Corp.*, 517 F.2d 971, 975 (6th Cir.1975) (quoting *NLRB v. Golden Age Beverage Co.*, 415 F.2d 26, 30 (5th Cir.1969)). The general rule is that the Board will set aside an election "if the conduct of a party prevents employees from voting, and if those employees' votes might have affected the election result." *NLRB v. Triangle Express, Inc.*, 683 F.2d 337, 338 (10th Cir. 1982).

The Board found that while the company had shown that some person sitting in a parked car had made remarks to an employee which may have discouraged him from voting, it had not carried its burden of establishing that the person was an agent of the union. After examining the record, we find no error in this conclusion. There may be limited circumstances where extreme third party conduct disenfranchising a voter can void an otherwise valid election because it destroys the possibility of an impartial election, but we do not see this as being such a case. Moreover, it is undisputed that this employee's · vote would have made no difference in the outcome of the election.

There must be some degree of finality to the results of an election. We find that the Board acted properly in overruling the com-

pany's objection and certifying the union as the collective bargaining representative of MacDonald's production and maintenance employees. Accordingly, we enforce the Board's order requiring the company to bargain with the union.