991 F.2d 795
 143 L.R.R.M. (BNA) 3120
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
MILES FOX COMPANY, Respondent.
 No. 92-5520.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before KENNEDY, MARTIN, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The National Labor Relations Board petitions for enforcement of its order directing Miles Fox Company to bargain with the union certified as the bargaining representative for its warehouse employees. The Board ruled that Miles Fox had violated sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) and (a)(5), by refusing to bargain with the union. Miles Fox challenges the validity of the certification and argues that it was entitled to an evidentiary hearing on its objections to the election. We grant the Board's application for enforcement.
 
 
 2
 Miles Fox is a retail and wholesale office supply and furniture store located in Warren, Michigan. In June 1990, Local 337, International Brotherhood of Teamsters, AFL-CIO, petitioned for a representative election of the warehouse employees at Miles Fox. The company and the union stipulated to a bargaining unit, and an election was held on August 10. The union objected to six of the employees listed in the bargaining unit, and it challenged the ballots of those six employees on the day of the election. After excluding the six challenged ballots, the election outcome was in favor of the union by a vote of fourteen to seven. On August 17, Miles Fox filed objections to the election based on union conduct which allegedly affected the outcome of the election. The company alleged that the union had included an ineligible ballot and that it had promised benefits to company employees to secure votes in favor of the union and threatened reprisals against employees who voted against the union. After the company filed its objections, the Board's regional director requested, pursuant to section 102.69 of the NLRB's Rules and Regulations, Series 8, that the company submit a list of witnesses, a brief description of the testimony of each witness, and all evidence in support of its objections to the election. In response, the company provided the following general information: (1) that company president Beaudin "will present evidence as to the objectionable conduct ... [alleged in] the [company's] objections"; (2) that one employee who participated in the election was underage; (3) that "John Federspill [a company employee] will present evidence the [union], its employees and agents knew about the illegal employment of a minor prior to the election"; and (4) that Federspill and "[o]ther employees will present evidence as to the objectionable conduct of the union."
 
 
 3
 On September 10, the Board's Regional Director recommended that the objections of Miles Fox to the election be overruled. The Regional Director based this recommendation on the company's failure to provide any specific evidence or testimony to support its objections to the election. On November 28, the Board adopted the recommendation of the Regional Director and concluded, without a hearing, that Miles Fox's objections were not sufficient to set aside the election. The Board then certified the union as the bargaining representative for the warehouse employees.
 
 
 4
 Miles Fox refused to bargain with the union, and the Board initiated an unfair labor practices proceeding against the company. Miles Fox sought a hearing on the unfair labor practices charge. The Board refused to grant a hearing, granted summary judgment against Miles Fox on November 26, 1991, and ordered the company to bargain with the union. On April 20, 1992, the Board filed a petition with this court for enforcement of its order. In opposition to enforcement of the order, Miles Fox argues that the adjudicative facts in this case should have been resolved by an evidentiary hearing. We disagree.
 
 
 5
 Because the Board has wide discretion to determine representation matters, the party seeking to set aside an election has a heavy burden of showing that the election results were improper. NLRB v. Curtis Noll Corp., 634 F.2d 1027, 1028 (6th Cir.1980). Moreover, "[t]he Board's Regulations permit the Regional Director to consider challenges and objections to an election based on an administrative investigation without a hearing if the objections raise no substantial and material factual issues in dispute...." NLRB v. Pinkerton's, 621 F.2d 1322, 1325 (6th Cir.1980). See also 29 C.F.R. § 102.69. Accordingly, a party seeking a hearing must make specific allegations and a proffer of proof which prima facie would warrant setting aside the election to carry its burden of demonstrating that substantial and material factual issues are in dispute. Id.
 
 
 6
 In this case, Miles Fox failed to make allegations and a proffer of proof with sufficient particularity to require an evidentiary hearing. The company merely asserted that various people would present evidence on the alleged objectionable conduct of the union. Such vague statements do not meet the requirement of specificity established in Pinkerton's, 621 F.2d at 1325. Therefore, the Board was not required to grant an evidentiary hearing to resolve the company's objections to the election.
 
 
 7
 The Board's application for enforcement of its order is granted.