**COLFOR, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 81–1136.**

United States Court of Appeals, Sixth Circuit.

Argued April 15, 1982.

Decided May 20, 1982.

Jeffrey M. Embleton, Ernest P. Mansour, David Roloff, Stokes & Green, Cleveland, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., Jerry Wohlgemuth, Washington, D. C., for respondent.

Before KENNEDY and MARTIN, Circuit Judges, and DUMBAULD,* Senior District Judge.

PER CURIAM.

Colfor, Inc. seeks review of the Board's decision, reported at 254 N. L. R. B. 100, overruling the objections to a representation election and finding a refusal to bargain in violation of section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 151 et seq.

The election was held on March 20, 1979. Out of 118 ballots cast, 66 voted for and 52 voted against the union. One week later, Colfor filed one general and six specific objections to alleged misconduct, affecting the outcome of the election. The Board adopted the Regional Director's recommendation that all but two of the objections were without merit. This decision is reported at 243 N. L. R. B. 76.

In August, 1979 a hearing was held on the two remaining objections. These claims alleged that the union had, at two meetings conducted two days prior to the election, misrepresented to some thirty employees wage rates and layoffs at a nearby unionized employer and had misrepresented earnings and wages of Colfor and its parent company, ABS Industries, Inc. After two days of testimony, the Hearing Officer issued his report finding no merit in either allegation. The Board adopted the report and certified the union as the bargaining representative of Colfor's employees. 248 N. L. R. B. 1057. Thereafter the company refused to bargain with the union. While we acknowledge the right of the company to take this action so as to protect their appeal rights, this record contains substantial evidence to support the Board's various decisions. *Randall v. NLRB*, 638 F.2d 957 (6th Cir. 1981). The cross motion of the Board to enforce is granted.

Colfor's first claim focuses on a financial report prepared by the union which *correctly* reported that in 1977 ABS Industries, Colfor's parent, earned profits representing a 20% return on shareholder's equity. Colfor claims that at the pre-election meetings, the union used this report as a basis from which to tell the assembled employees that ABS had earned a 20% profit in 1977 when in fact the profit, as opposed to the return on equity figure, was 2.5%. Furthermore, Colfor contends that this claim was not controverted at the hearing; they argue that the Hearing Officer simply ignored testimony to this effect. The record, however, does not support this charge.

■ At more than one point in his report, the Hearing Officer noted that he was required to determine the credibility of certain witnesses. On the profit misrepresentation issue, he chose to credit the testimony of the union officials who stated that they read the financial report verbatim. On issues of credibility, we are in no position to substitute our judgment for his. *Westchester Plastics of Ohio, Inc. v. NLRB*, 401 F.2d 903, 907 (6th Cir. 1968). Although some employees may have misinterpreted the data, the union was under no obligation to prevent such mistakes. *See NLRB v. Pinkerton's, Inc.*, 621 F.2d 1322, 1327 (6th Cir. 1980).

* Honorable Edward Dumbauld, Senior District Judge, United States District Court for the Western District of Pennsylvania, sitting by designation.

Colfor's remaining charge concerns alleged misrepresentations of wage comparisons and layoffs at another nearby unionized employer. While arguably having some basis in fact, these allegations are not of a sufficient magnitude to warrant overturning this representation election. As noted in *The Standard Register Co. v. NLRB*, 649 F.2d 412 (6th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981), the test is whether the misrepresentation involves "a substantial departure from the truth." *Id.* at 414, *quoting Hollywood Ceramics Co., Inc.,* 140 N. L. R. B. 221 (1962).

Here the union misrepresented the wage differential by a very slight margin, $0.04 per hour, if they in fact did so at all. Furthermore the statements at issue are ambiguous and are subject to varying interpretations. If average wages paid by Colfor and the other employer, Merit Plastics, are compared, then the union's statement that Colfor employees "for the most part" earn more is slightly off base. However, if the comparison is limited, as the union contends it was intended to be, to press operators, the statement appears accurate. Similarly, the statement concerning layoffs at Merit may be interpreted in more than one way. If the statement, which reported no layoffs at Merit, is considered as a response to what effect the union had on employment levels at Merit, then it was accurate. However, viewing it as an isolated factual assertion leads one to the opposite conclusion. The point is that these statements were not misrepresentations which we can say should have caused the Board to conclude that the election was unfair. Instead they were rather vague statements made in the heat of an election campaign which were subject to several interpretations, only some of which might be construed as misrepresentations. *See Harlan # 4 Coal Co. v. NLRB*, 490 F.2d 117, 124 (6th Cir.), *cert. denied*, 416 U.S. 986, 94 S.Ct. 2390, 40 L.Ed.2d 763 (1974).

The petition for Colfor is denied; the Board's cross-petition for enforcement is granted.