ELIASON CORPORATION, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent,

Sheet Metal Workers' International Association, Local 355, AFL–CIO, Intervenor.

No. 81–1463.

United States Court of Appeals, Sixth Circuit.

Argued July 27, 1982.

Decided Sept. 7, 1982.

Lee Boothby, Berrien Springs, Mich., for petitioner.

Elliott Moore, Paul Spielberg, Deputy Associate Gen. Counsels, N. L. R. B., Washington, D. C., for respondent.

David A. Rosenfeld, San Francisco, Cal., for intervenor.

Before ENGEL and CONTIE, Circuit Judges, and JOHNSTONE,* District Judge.

ORDER

This case is before the court on the petition of the NLRB (Board) for enforcement of its order to Eliason Corporation (Eliason) to bargain with the Sheet Metal Workers International Association, Local No. 355,

---

* The Honorable Edward H. Johnstone, Judge, United States District Court for the Western District of Kentucky, sitting by designation.

AFL–CIO (Union). The decision of the Board is reported at 256 NLRB No. 167.

. On June 12, 1980, a consent election was held at the employer's Woodland, California plant, pursuant to 29 C.F.R. § 102.62(b). The Union won the election. Out of 17 eligible voters, six voted for and three against the Union. One ballot was challenged. Seven employees abstained.

Eliason filed objections to the election on the grounds that (1) two days before the election a Union supporter threatened other employees, and (2) the use of that same Union supporter as the Union observer during the balloting intimidated the previously threatened workers and tainted the results of the election.

The Regional Director, in the exercise of her reasonable discretion, decided not to conduct a hearing on Eliason's objections, but she did conduct an administrative investigation pursuant to 29 C.F.R. § 102.69(d). The investigation revealed that two days before the election an employee named Hutton, having just been fired, told Montenegro, another employee, that he was going "to kick some Mexican-Americans' asses," starting with that of a third employee, named Madrigal. Hutton twice told Montenegro that he was going to kill Madrigal. Montenegro informed Madrigal and another Mexican-American employee of the threats. During the representation election, Hutton acted as observer for the Union. The Regional Director found that Hutton's threats, made while he was drunk, were unrelated to the organizing campaign and that Hutton's service as an observer "would not likely have an intimidating effect on the voters."

She issued a report recommending that Eliason's objections be overruled and the Union certified. Over the exceptions of Eliason, the Board adopted the Regional Director's recommendation.

Eliason then refused to bargain with the Union. In the unfair labor practice action that followed, Eliason acknowledged that it refused to bargain but denied that it had violated Section 8(a)(5), inasmuch as the Board had improperly certified the Union.

The Board granted the General Counsel's motion for summary judgment, and this proceeding followed.

We have repeatedly held that the Board abuses its discretion by adopting a Regional Director's report if the director fails to transmit to the Board all the evidence upon which the Director relies. *E.g., ATR Wire & Cable Co. v. NLRB*, 671 F.2d 188 (6th Cir. 1982); *NLRB v. Curtis Noll Corp.*, 634 F.2d 1027 (6th Cir. 1980); *Prestolite Wire Div. v. NLRB*, 592 F.2d 302 (6th Cir. 1979). In the instant case, the Board abused its discretion by adopting the Regional Director's report without benefit of the underlying evidence upon which she based her recommendation that Eliason's objections to the election be overruled.

Absent the complete record, we must construe Eliason's factual assertions most favorably to it. *Prestolite, supra.* We conclude that, in light of the undisputed facts in the case, Eliason's contentions and exceptions raise sufficient material questions to warrant a hearing on the central question of whether Hutton's activities intimidated workers from voting against the Union. We find that the threat on one worker's life, the threat against Mexican-American employees as a group, the small size of the bargaining unit, and the large percentage of abstentions raise a substantial question of intimidation. This is especially true when combined with Eliason's contentions that Hutton was active on behalf of the Union prior to the election and that Madrigal along with other Mexican-American employees was openly opposed to the Union.

Accordingly, we deny enforcement and remand to the Board for further proceedings in accordance with this order.