**KUSAN MANUFACTURING COMPANY, A DIVISION OF KUSAN, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 80–1611.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 18, 1982.

Decided March 10, 1982.

William N. Ozier, Nashville, Tenn., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Michael Messitte, N.L.R.B., Washington, D.C., for respondent.

Before MARTIN, Circuit Judge, WEICK, Senior Circuit Judge, and DUNCAN,* District Judge.

PER CURIAM.

Petitioner, Kusan Manufacturing Company, seeks review of an order of the National Labor Relations Board, reported at 251 N.L.R.B. No. 172, finding it in violation of Sec-

tion 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 151, *et seq.* The Board cross-petitions for enforcement of its order demanding that Kusan bargain with the Union certified by the Board as the exclusive representative of Kusan employees. The dispute here centers on the election of the Union to that status.

After the election, Kusan filed objections to conduct affecting the result of that election. The Regional Director issued a report recommending that the Board overrule the objections in their entirety. That report was accepted by the Board, and the Union was certified. Thereafter Kusan refused to bargain with the Union and the General Counsel issued its complaint. Kusan acknowledged its refusal to bargain but contended that the certification was improper because union supporters threatened employees who failed to publicly announce their support for the Union. As proof, Kusan submitted the affidavits of two employees detailing specific threats made by union supporters prior to the election. Nevertheless, the Board concluded that all issues concerning the certification had been settled by the Regional Director and granted the General Counsel's motion for summary judgment and entered its order.

The facts of this case are almost identical to those of *Prestolite Wire Division v. NLRB*, 592 F.2d 302 (6th Cir. 1979) and *NLRB v. RJR Archer, Inc.*, 617 F.2d 161 (6th Cir. 1980). There the petitioning companies complained that the Board erred by deciding their cases without the benefits of the Regional Director's full record concerning the election objections and by failing to hold an evidentiary hearing. In both cases this court held that the well-pleaded allegations established factual questions which should not have been resolved upon the record appearing before the Board at the time it granted the General Counsel's motion for summary judgment.

* Honorable Robert M. Duncan, United States District Judge for the Southern District of Ohio, sitting by designation.

Kusan's objections attack the basic fairness of the representation election. The affidavits submitted detailed specific threats made by union supporters against reluctant employees. A more complete investigation than that undertaken by the Board in its disposition of this case is warranted by Kusan's allegations. As did the companies in *Prestolite* and *Archer*, Kusan deserves the opportunity to present its case to the Board.

The Board's petition to enforce its order is denied. The certification is set aside, and this case is returned to the National Labor Relations Board with directions that a hearing be held pursuant to 29 C.F.R. § 102.-69(f). *See NLRB v. RJR Archer, Inc.*, *supra* at 163.