NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

ALLIS–CHALMERS CORPORATION, Respondent.

No. 81–1504.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 14, 1982.

Decided June 16, 1982.

Peter Winkler, Elliott Moore, N.L.R.B., Washington, D. C., for petitioner.

Charles I. Cohen, Vedder, Price, Kaufman, Kammholz & Day, Washington, D. C., for respondent.

Before SWYGERT and PECK*, Senior Circuit Judges, and ESCHBACH, Circuit Judge.

PECK, Senior Circuit Judge.

This is a petition by the National Labor Relations Board (NLRB) for enforcement of its order that Allis-Chalmers begin collective bargaining with a union at Allis-Chalmers' Batavia, Illinois plant. Allis-Chalmers has refused to bargain in order to contest the validity of a representation election conducted pursuant to a Stipulation for Certification Upon a Consent Election Agreement. *See*, 29 C.F.R. § 102.62(b).

The results of the election, conducted August 31, 1979, showed 96 votes for the union, 81 votes against, and two ballots challenged. Pursuant to the NLRB's regulations contained in 29 C.F.R. § 102.69, Allis-Chalmers filed timely objections to union conduct that allegedly affected the results of the election. Specifically, Allis-Chalmers contended that the union had engaged in misrepresentations, threats, bribery and unlawful promises of benefits to employees.

A regional director of the NLRB conducted an ex parte investigation of Allis-Chalmers' objections pursuant to the Board's Rules and Regulations, 29 C.F.R. § 102.-69(d). That investigation did not involve a hearing, but rather included the director's review of evidence submitted by the parties and gathered by the director. Based on that investigation, the regional director issued a "Report on Objections." That report

concluded that each of Allis-Chalmers' objections should be overruled and recommended that the union be certified.

Allis-Chalmers filed exceptions to the regional director's report and a brief in support of various arguments that the director had erred in both the findings of fact and in the conclusions reached in the report. Allis-Chalmers requested that the Board not adopt the regional director's report, but rather return the matter to the region and order a hearing so that Allis-Chalmers' objections could be further developed. In the alternative, Allis-Chalmers requested that the Board set aside the election.

As required by 29 C.F.R. § 102.69(c) and (g), the regional director transmitted "the record" to the Board. The record transmitted did not include the complete file of documentary evidence compiled by the regional director in investigating Allis-Chalmers' objections. It is not clear from the materials submitted to this Court whether the Board considered any materials other than the regional director's report and the objections. However, the Board takes the position, if only for the purposes of this case,[1] that the regulations did not require the regional director to transmit or the Board to review any evidentiary material gathered by the regional director.

In a one-page decision, the Board adopted the regional director's findings and recommendations and certified the union. That decision was reached upon the Board's review of "the record in light of the exceptions and briefs." No hearing was permitted before the Board because the Board determined that Allis-Chalmers had raised no material issues of fact requiring a hearing.

Allis-Chalmers continued its refusal to bargain with the union, and General Counsel sought summary judgment on an unfair labor practice charge against Allis-Chalmers. The Board issued a notice to Allis-Chalmers to show cause why summary judgment should not be granted. In re-

---

* Honorable John W. Peck, Senior Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

1. *See* note 2 *infra.*

sponse, Allis-Chalmers again argued that the election had been made invalid by improper union conduct, and further asserted that the Board's adoption of the regional director's report was defective because the Board did not examine the full record developed by the director.

The Board refused to consider Allis-Chalmers' allegations of improper pre-election activity by the union, stating that those contentions had been, or should have been, fully litigated at the prior proceeding. The Board rejected Allis-Chalmers' contention that the Board erred by not reviewing the entire investigative record before adopting the regional director's findings and recommendations. The Board concluded that it had discretion, under 29 C.F.R. § 102.69, to adopt the director's report without reviewing the evidentiary bases for that report because Allis-Chalmers had failed to raise any substantial issues regarding the validity of the election. The Board granted summary judgment on the unfair labor practice charge and ordered Allis-Chalmers to begin collective bargaining with the union. The present petition for enforcement followed.

In response to the Board's petition for an enforcement order, Allis-Chalmers continues to assert that the election was tainted by improper pre-election union activities. Allis-Chalmers also argues that the Board's failure to review the entire evidentiary record developed by the regional director renders the Board's order to begin collective bargaining unenforceable.

██ It is well settled that the question whether to set aside a representation election because of incidents occurring during the campaign is a matter for the sound discretion of the Board. *Rockwell Manufacturing Co., Kearney Div. v. N.L.R.B.*, 330 F.2d 795, 796 (7th Cir.), *cert. denied*, 379 U.S. 890, 85 S.Ct. 161, 13 L.Ed.2d 94 (1964). *See, N.L.R.B. v. Wyman-Gordon Company*, 394 U.S. 759, 767, 89 S.Ct. 1426, 1430, 22 L.Ed.2d 709 (1969). This Court will, therefore, "defer to the Board's expertise unless we are prepared to say that the discretion residing in the Board was abused." *Follett Corp. v. N.L.R.B.*, 397 F.2d 91, 95 (7th Cir.

1968). Because we conclude that the Board abused its discretion in adopting the regional director's report without examining the evidence considered by the director, we do not reach the question whether the Board's conclusion that the election was valid was substantively correct. Indeed, because the evidentiary file compiled by the regional director has never been made a part of the record, we are no more able to evaluate the substance of Allis-Chalmers' objections to the regional director's findings and conclusions than was the Board when it adopted the director's report.

A number of recent decisions conclude that the Board must review the administrative record developed by a regional director before it can adopt the director's report in cases where a party objecting to an election conducted pursuant to 29 C.F.R. § 102.69(b) has proffered evidence that raises substantial and material issues as to the validity of a regional director's report. *See, N.L.R.B. v. Decibel Products, Inc.*, 657 F.2d 727, 729 (5th Cir. 1981); *N.L.R.B. v. Belcor, Inc.*, 652 F.2d 856, 859 (9th Cir. 1981); *Prestolite Wire Division v. N.L.R.B.*, 592 F.2d 302, 306–07 (6th Cir. 1979). These cases stop short of creating a *per se* rule that the Board must review the entire administrative file in every case where a party objects, pursuant to 29 C.F.R. § 102.69, to a regional director's report, but rather hold that the Board must review that record when the objections, construed in the light most favorable to the objecting party, create material issues of fact.

In later decisions applying *Prestolite*, the Sixth Circuit distinguished the question whether a party objecting to a regional director's report under § 102.69 is entitled to a hearing on those objections from the question whether the Board must review the entire evidentiary record before adopting the report. In *N.L.R.B. v. Curtis Noll Corp.*, 634 F.2d 1027 (1980), the Sixth Circuit adopted a *per se* rule that "the Board abuses its discretion by adopting the report of the Regional Director when the regional director fails to transmit the evidence relied upon by the Regional Director." *Id.* at

1029. As the Sixth Circuit stated in *N.L.R.B. v. North Electric Co., Plant No. 10*, 644 F.2d 580, 584 (1981):

> Without reviewing the evidence it is impossible for the Board to determine whether the Regional Director's recommendations should be followed or set aside. We view the Board's position that it does not have to review the documentary evidence as an abdication of its responsibilities under the National Labor Relations Act. If the Board does not look at the evidence it can do nothing but rubber stamp the Regional Director's decision. Meaningful review is impossible without a review of the evidence. In addition, if the Board does not review the evidence and make it part of the record, it is impossible for a court to review the Board's action, since there is no record to review. We hold that it is an abuse of discretion for the Board to adopt the report of the Regional Director without reviewing the documentary evidence relied upon by the Regional Director.

*Id.* at 584. The court in *North Electric* then held that the question whether the objecting party was entitled to a hearing on the objections was a matter for the Board to determine based on the factual issues created by the objections in light of the entire record. *Id.* The Fifth Circuit has followed the *per se* rule of *North Electric*, stating that "the need of a party or court to see the documentary evidence that has been used as the basis of an agency action is at least as great when the regional director decides that a hearing is not justified." *N.L.R.B. v. Klingler Electric Corp.*, 656 F.2d 76, 84 n. 9 (5th Cir. 1981).

We agree with the Fifth and Sixth Circuits, and hold that this Court cannot enforce an order of the NLRB founded upon a regional director's ex parte investigation under 29 C.F.R. § 102.69 where the Board has not seen the evidence relied on by the regional director.[2] This position is not, as the Board has argued, inconsistent with this Court's decision in *N.L.R.B. v. National Survey Service, Inc.*, 361 F.2d 199 (7th Cir. 1966). In *National Survey* this Court concluded that the Board was not required to conduct a hearing on an employer's objections to a regional director's findings of fact where the employer's objections raised no substantial and material issues of fact. We find nothing inconsistent with this result and our now adopting a rule that this Court will not enforce a Board order adopting a regional director's findings and conclusions where the Board has never seen the evidence upon which those findings and conclusions are based. Indeed, unless the Board has the evidence before it, the Board is virtually unable to determine whether the objections to the regional director's report raise any substantial and material issues that might entitle the objecting party to a hearing. The present case clearly illustrates the problems encountered where the Board fails to review the record. Allis-Chalmers' brief to the Board asserted that specific findings of the regional director were unsupported, that evidence was ignored, and that other evidence was dismissed as "rumor, hearsay, and ambiguous." The Board denied these objections without itself looking at the evidence to determine whether the facts supported the findings, whether all the relevant facts were considered, and whether the director's characterizations of certain evidence as rumor, hearsay, and ambiguous was proper. As the case now stands, Allis-Chalmers' objections have been denied, in part, as the result of "characterizations whose fairness and accuracy are impossible for either the Board or us to review." *Prestolite, supra* at 306.

For the reasons stated above, the Board's Petition to Enforce is DENIED, the certification is set aside, and the cause is remanded to the Board for such action as it may consider appropriate in the circumstances.

ESCHBACH, Circuit Judge, concurring.

Among the employer's numerous exceptions to the Regional Director's investiga-

---

2. We note that the Board has acknowledged court decisions such as *North Electric* and *Klingler* by amending 29 C.F.R. § 102.69(g) to expressly provide that the regional director has an obligation to forward to the Board most of the material compiled in the investigation. *See* 46 Fed.Reg. 45922–24 (Sept. 15, 1981).

tive report was a claim that an influential member of the bargaining unit had been paid to wear a union campaign button on the eve of the recognition election. This allegation, supported by two affidavits, was based on a statement attributed to the employee who wore the button. In view of this charge of bribery, I am persuaded that the employer's "well-pleaded allegations established factual questions which should not have been resolved upon the record appearing before the Board at the time it granted the General Counsel's motion for summary judgment." *Kusan Manufacturing Co. v. NLRB*, 673 F.2d 150, 151 (6th Cir. 1982) (per curiam). Because the employer offered a substantial and material exception supported by a specific offer of proof, I concur in the decision to remand. I do so, however, with the understanding that the rule we adopt in this case is not inflexible and would not require the Board to examine the investigative file where the issues presented are strictly questions of law or where the exceptions are not supported by specific offers of proof.