**PRAIRIE TANK SOUTHERN, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 82–2509.

United States Court of Appeals, Seventh Circuit.

Argued May 9, 1983.

Decided June 28, 1983.

Rehearing and Rehearing En Banc Denied Oct. 4, 1983.

Brian W. Bulger, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for petitioner.

Corinna L. Metcalf, N.L.R.B., Washington, D.C., for respondent.

Before CUMMINGS, Chief Judge, POSNER, Circuit Judge, and ROSENN, Senior Circuit Judge.*

ROSENN, Senior Circuit Judge.

Prairie Tank Southern, Inc. (the Company) petitions for review of an order of the National Labor Relations Board (the Board) compelling it to bargain with the certified

* The Honorable Max Rosenn, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

representative of its employees, the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers, and Helpers, AFL–CIO (the Union). The Board has filed a cross-application seeking enforcement of its order. We deny enforcement and grant the petition for review.

In early 1981, Prairie Tank Southern, an Alabama corporation,[1] engaged in the construction, modification, and repair of steel tanks, entered into a Stipulation for Certification Upon Consent Election with the Union. That stipulation was approved by the Regional Director of the Board and a representative election was duly held. The Union won by a vote of 10 to 5.

On April 6, 1981, the Company timely filed with the Regional Director Objections to Conduct Affecting Results of Election. The Company urged that the election results be set aside because an employee favorably disposed toward the Union had, prior to the election, threatened his fellow employees, thereby destroying the atmosphere necessary to the exercise of free choice in a representation election. The Regional Director thereupon conducted an ex parte investigation into the allegations. After interviewing witnesses identified by the Company and obtaining affidavits, the Regional Director issued a report recommending that the objections be overruled without a hearing. A footnote at the end of the report notified the Company of the proper procedure for appeal, stating in pertinent part:

> Under the provisions of Section 102.69 of the Board's Rules and Regulations, exceptions to this report may be filed with the Board in Washington, D.C. Pursuant to Section 102.69(g), affidavits and other documents which a party has submitted timely to the Regional Director in support of objections are not a part of the record unless included in the Regional Director's report, or appended to the exceptions or opposition thereto which a party submits to the Board. . . .

The Company filed timely exceptions to the Regional Director's report with the Board accompanied by a supporting brief. The Regional Director, pursuant to 29 C.F.R. § 102.69(g), transmitted to the Board a record comprised of the objections and the Regional Director's report. The record transmitted did not contain the affidavits that the Regional Director had gathered in the course of his investigation.

On July 21, 1981, the Board issued a one page decision and certification of representation adopting the Regional Director's findings and recommendations and certifying the Union. The Board held no hearing because it believed that the Company had not raised any material factual issues.

Because the Company refused to bargain, the Union filed an unfair labor practice charge with the Board on September 15, 1981 and the Board issued a complaint. The Company filed a timely answer denying that the Union had been properly certified by the Board and raising affirmative defenses regarding the Regional Director's failure to transmit a complete record to the Board in the earlier representation proceeding.

On May 12, 1982, the Board summarily found the Company in violation of section 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1) and (5), for refusing to bargain with the Union. The decision was predicated on the Board's belief that issues raised by the Company in the enforcement proceeding, including the Company's contention that the complete record had not been transmitted to the Board, were or could have been litigated in the earlier representation proceeding. The Company thereupon petitioned for review of the Board's order, urging that the Board's decision and certification of the Union were defective because the Regional Director failed to transmit to the Board the affidavits he had collected in the course of his investigation. The Company contends that without the affidavits it was impossi-

---

1. The Company does business in the Northern District of Illinois and chose to bring suit there. Venue is not an issue in this case.

ble for the Board effectively to review them, and because the Company had raised issues of material fact those issues required resolution at a hearing.

■ Prairie Tank Southern's argument concerning the inadequacy of the record transmitted is dispositive in this case. We therefore need not reach the issue of election misconduct. This court's recent decision in *NLRB v. Allis-Chalmers Corp.*, 680 F.2d 1166 (7th Cir.1982), establishes a per se rule under which the Board can never adopt the findings and recommendations of a Regional Director without first reviewing the affidavits produced by the Regional Director's investigation on which he based his conclusions. This court stated emphatically:

> We agree with the Fifth and Sixth Circuits, and hold that this Court cannot enforce an order of the NLRB founded upon a regional director's ex parte investigation under 29 C.F.R. § 102.69 where the Board has not seen the evidence relied on by the regional director.

680 F.2d at 1169 (footnote omitted).

The court went on to note:

> Indeed, unless the Board has evidence before it, the Board is virtually unable to determine whether the objections to the regional director's report raise any substantial and material issues that might entitle the objecting party to a hearing.

*Id.*

· ■ The Board asserts that the *Allis-Chalmers* rule should not be applied in this case because the Company failed to complain of the non-transmittal during the representation proceeding, raising the *Allis-*

*Chalmers* issue for the first time in the course of the unfair labor practice proceeding. As a general rule, it is true that a party must raise all of his available arguments in the representation proceeding rather than reserve them for an enforcement proceeding. *NLRB v. WEK Drilling Co.*, 438 F.2d 267, 270 n. 6 (10th Cir.1971) (citing *State Farm Mutual Auto Insurance Co. v. NLRB*, 411 F.2d 356, 361 (7th Cir. 1969)). A party cannot, however, be expected to raise a legal argument before he has discovered, or should have discovered, the facts forming the basis for that argument. *See WEK Drilling Co., supra*, 438 F.2d at 270. We find that the Company's *Allis-Chalmers* argument is now properly before us because it was raised at the earliest opportunity.

Under 29 C.F.R. § 102.69(g), the Regional Director was required to transmit all "documentary evidence" in the case to the Board as part of the record.[2] The Company reasonably assumed that the affidavits gathered by the Regional Director in the course of his investigation had been transmitted in conformity with the requirements of section 102.69(g). Only when the Board promulgated its decision and certification of representative, which did not mention or make use of the affidavits, did the Company come to suspect that the affidavits had not been transmitted. (The Company could not of course appeal the Board's decision directly to this court. *See NLRB v. International Brotherhood of Electrical Workers*, 308 U.S. 413, 60 S.Ct. 306, 84 L.Ed. 354 (1940)). Thus, it had no opportunity to object to the incomplete record until after the Union was certified.

2. 29 C.F.R. § 102.69(g), as effective on all relevant dates, read:

The notice of hearing, motions, rulings, orders, stenographic report of the hearing, stipulations, exceptions, documentary evidence, together with the objections to the conduct affecting the results of the election, any report on such objections, any report on challenged ballots, exceptions to any such report, any briefs or other legal memoranda submitted by the parties, the decision of the regional director, if any, and the record previously made as described in section 102.68,

shall constitute the record in the case. Materials other than those set out above shall not be a part of the record; except that in a proceeding in which no hearing is held, a party filing exceptions to a regional director's report on objections or challenges, a request for review of a regional director's decision on objections or challenges, or any opposition thereto, may append to its submission to the Board copies of documents it has timely submitted to the regional director and which were not included in the report or decision . . . .

The Board counters that a paragraph that appeared as a footnote at the end of the Regional Director's report should have placed the Company on notice that the Regional Director would not transmit the affidavits. The paragraph read:

> Under the provisions of Section 102.69 of the Board's Rules and Regulations exceptions to this report may be filed with the Board in Washington, D.C. Pursuant to Section 102.69(g), affidavits and other documents *which a party has submitted* timely to the Regional Director in support of objections are not a part of the record unless included in the Regional Director's Report or appended to the exceptions or opposition thereto which a party submits to the Board. Exceptions must be received by the Board in Washington by May 13, 1981.

Plainly, this paragraph informs the Company only that the affidavits that *it may have submitted* to the Regional Director will not be transmitted, unless the Company chooses to transmit them. It says nothing about the affidavits that the Regional Director gathered himself. The Company could reasonably have assumed that since the affidavits gathered in the course of the ex parte investigation were obtained solely by the Regional Director and were in his exclusive control he would transmit them. Thus, there is nothing remarkable in the Company's failure to realize prior to the issuance of the Board's decision that the affidavits were not transmitted, and the Company should not now be penalized for raising the *Allis-Chalmers* issue for the first time in the unfair labor practice proceeding.

By way of analogy, we note that several circuits have held that even objections to the Regional Director's nontransmittal of affidavits submitted by the *appealing party* may be raised for the first time in an unfair labor practice proceeding. *NLRB v. Advanced Systems, Inc.*, 681 F.2d 570 (9th Cir.1982); *NLRB v. Cambridge Wire Cloth Co.*, 622 F.2d 1195 (4th Cir.1980); *Prestolite Wire Division v. NLRB*, 592 F.2d 302 (6th Cir.1979). Significantly, the Ninth Circuit so held in a case where the Regional Director's report contained a cautionary para-graph, identical to the cautionary paragraph in this case, warning the objecting party that the affidavits it submitted would not automatically be passed along to the Board. *Advanced Systems, supra,* 681 F.2d at 573–74.

 Finally, we briefly consider an issue not raised by the parties. This issue is whether the Company was obliged to move pursuant to 29 C.F.R. § 102.48(d)(1) for reargument or rehearing upon discovering that the Regional Director transmitted an incomplete record.

*NLRB v. Sambo's Restaurants, Inc.*, 641 F.2d 794 (9th Cir.1981), holds that where a party fails to raise an issue before the Board in the course of an enforcement proceeding, and does not move for rehearing or reargument in order to raise the issue, that party may not raise the issue for the first time before the Court of Appeals. This is true even where the party could not have raised the issue in the course of the original enforcement proceeding. The purpose of this rule is to ensure that a court does not review any determination of the Board without receiving full benefit of the Board's expertise. The rule of *Sambo's* has been adopted by the Supreme Court in dicta in *Woelke & Romero Framing Inc. v. NLRB*, 456 U.S. 645, 102 S.Ct. 2071, 72 L.Ed.2d 398 (U.S.1982).

We believe that the rule of *Sambo's* and *Woelke* is not applicable here. First, that rule has only been applied in enforcement proceedings. The rationale underlying the rule does not support its extension to representation proceedings. Where, as here, a party who could not raise an argument in the original representation proceeding does not move for reconsideration, but instead raises the argument for the first time in the enforcement proceeding before the Board, the court of appeals is not deprived of the benefit of the Board's expertise. (*Cf. NLRB v. St. Regis Paper Co.*, 674 F.2d 104, 108 n. 4 (1st Cir.1982), holding that although *Sambo's* precludes a court of appeals from hearing an argument never presented to the Board, the circuit court

may nonetheless authorize the appealing party to present its new argument on remand to the Board).

Moreover, even if we were to assume that the rule of *Woelke* and *Sambo's* did require parties to move for reargument or rehearing in representation proceedings, it would not necessarily follow that the Company has forfeited its right to rely upon *Allis-Chalmers*. Even where a party would ordinarily be required to make a motion for reconsideration upon penalty of forfeiting an argument, the party's omission may be excused by a showing of extraordinary circumstances. *NLRB v. Cutting Inc.,* 701 F.2d 659, 670 (7th Cir.1983). The instant circumstances are extraordinary in that *Allis-Chalmers* had not yet been decided at the time when the Company could have moved for reconsideration. As the Company could not then have known that the law of the circuit would provide a powerful defense, it should not be penalized for failing to move for reconsideration.

In summary, we conclude that the Company's objection to the inadequacy of the record transmitted was timely raised. We therefore hold that under the per se rule of *Allis-Chalmers,* an order of the Board founded upon a Regional Director's ex parte investigation without the benefit of the evidence relied on by the Regional Director cannot be enforced.

The petition of the Company for review is granted. The Board's cross-application for enforcement is denied. The certification is set aside, and the cause is remanded to the Board for proceedings not inconsistent with this opinion. Costs taxed to the National Labor Relations Board, Respondent.