NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

WEST COAST LIQUIDATORS, INC., Respondent.

No. 83–7121.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 1983.

Decided Feb. 9, 1984.

Before CHAMBERS and SNEED, Circuit Judges, and CROCKER *, District Judge.

SNEED, Circuit Judge:

The National Labor Relations Board applies for enforcement of an order based on its finding that the employer, West Coast Liquidators, Inc., committed an unfair labor practice by refusing to bargain with the certified representative of its employees. West Coast Liquidators contends that the Board abused its discretion by failing to review employee affidavits relied upon in the Regional Director's report and by denying the employer's request for an evidentiary hearing. We agree. Accordingly, we deny enforcement and remand the case for an evidentiary hearing.

## I.

### FACTS

A local of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Union) filed a representation petition with the Board's Regional Office seeking certification as the bargaining representative of certain employees of West Coast Liquidators, Inc. (Employer). The employees of a bargaining unit defined by the Regional Director endorsed the Union in an election held on August 13, 1981. The Employer filed objections to the election claiming, *inter alia,* that the Union and its agents had made threats to the employees.

The Regional Director conducted an administrative investigation of the Employer's objections. The Employer presented a number of employee witnesses for examination by the Regional Director, and an investigating officer obtained affidavits from these witnesses. In accord with Board poli-

Howard E. Perlstein, N.L.R.B., Los Angeles, Cal., for petitioner.

Bryan Rexon, Nelson & Rexon, Los Angeles, Cal., for respondent.

* Honorable M.D. Crocker, United States District Judge for the Eastern District of California, sitting by designation.

cy, the Employer was not present during the preparation of these affidavits, and has not had, and presently does not have, access to them. On September 16, 1981, the Regional Director issued a decision overruling the Employer's objections and certifying the Union as the exclusive collective bargaining representative. The Employer sought review of this decision. It also requested a hearing on its objections and the transmittal to the Board as part of the record all affidavits obtained during the Regional Director's *ex parte* investigation. Without a transmittal to it of the affidavits, the Board denied the request for a hearing and for review on the grounds that there were no substantial issues warranting review.

To obtain judicial review, the Employer refused to bargain with the Union. The Regional Director issued a complaint alleging that the Employer had violated sections 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), (5). Proceedings were transferred to the Board, which granted the General Counsel's motion for summary judgment against the Employer. The Board applied to this court on February 16, 1983, for enforcement of its unfair labor practices order.

## II.

### DISCUSSION

#### A. *Review of Employee Affidavits*

■ An employer does not commit an unfair labor practice by refusing to bargain if the Board abused its discretion in certifying the union. *E.g., NLRB v. Advanced Systems, Inc.,* 681 F.2d 570, 572 (9th Cir. 1982). The Employer here argues that the Board abused its discretion by failing to review employee affidavits relied upon by the Regional Director in overruling the Employer's objections to the election.

We previously have held that the Regional Director must forward to the Board all the relevant evidence underlying his report, and that the Board abdicates its statutory responsibility when it adopts the report without reviewing the underlying evidence. *E.g., Advanced Systems,* 681 F.2d at 573; *NLRB v. Consolidated Liberty, Inc.,* 672 F.2d 788, 790 (9th Cir.1982). This holding recognizes that meaningful review by the Board and this court would be frustrated if the record did not include all evidence relied upon by the Regional Director. *Advanced Systems,* 681 F.2d at 574; *Consolidated Liberty,* 672 F.2d at 790. Other circuits have reached a similar conclusion. *E.g., Prairie Tank Southern, Inc. v. NLRB,* 710 F.2d 1262, 1265 (7th Cir.1983); *NLRB v. Klinger Electric Corp.,* 656 F.2d 76, 82–84 (5th Cir. 1981); *NLRB v. North Electric Co.,* 644 F.2d 580, 584 (6th Cir.1981).

The Board notes that since our decisions in *Advanced Systems* and *Consolidated Liberty,* it has amended the regulation concerning transmittal of the record to the Board in cases in which no hearing was held. The revised rule provides that the record before the Board in such cases shall include "any documentary evidence, *excluding* statements of witnesses, relied upon by the regional director in his decision or report." 29 C.F.R. § 102.69(g)(1)(ii) (emphasis added). An objecting party may append to its exceptions copies of affidavits that it timely submitted to the Regional Director. *Id.* § 102.69(g)(3). The Board maintains that in ruling on the Employer's request for review it had before it all the evidence prescribed by its current rule.

We believe that application of the Board's rule to this case would be unreasonable and inconsistent with *Advanced Systems* and *Consolidated Liberty.*[1] The Board argues that 29 C.F.R. § 102.69 defines the record to include statements by witnesses

1. The Board notes that our decisions in *Advanced Systems* and *Consolidated Liberty* rested in part on our interpretation of the previous version of 29 C.F.R. § 102.69. Nonetheless, we believe the concern expressed in those cases to assure an adequate record for review remains valid and also applies to the Board's revised rule. Our holding is limited to situations in which an objecting party has no access to affidavits relied upon in the Regional Director's report. We do not address the Board's authority to require an objecting party who has access to affidavits to append them to his exceptions for inclusion in the record.

only if such statements are attached by the objecting party to its request for review. The Employer, however, could not append the affidavits involved here to its objections, because pursuant to Board policy the Employer did not have access to employee affidavits. The Employer did request that the affidavits be transmitted to the Board. Despite this explicit request, the Regional Director failed to transmit and the Board failed to review the affidavits. Instead, the Regional Director summarized the statements of the employees in his report. Appending any affidavits the Employer may have submitted to the Regional Director would reveal nothing with respect to the contents of those the Regional Director failed to transmit to the Board.

█ It is true that the Board's role in reviewing exceptions to the Regional Director's report is to "determine whether there is a substantial and material dispute between the facts presented in the report and those presented in the exceptions." *Advanced Systems,* 681 F.2d at 574. The Employer, however, maintains that, because much of the evidence favorable to its contentions is contained in the employee affidavits, review of these affidavits is necessary to decide whether the Regional Director's report is accurate. We agree. Neither the Board nor this court can adequately perform the task of review if affidavits relied upon by the Regional Director are excluded from the record. *See, e.g., id.; Prairie Tank Southern,* 710 F.2d at 1265.

The Board insists that the need to maintain confidentiality of witness statements justifies its refusal to review the employee affidavits. While we agree that preserving confidentiality is a legitimate concern, we cannot accept the Board's conclusion that affidavits relied upon by the Regional Director must therefore be insulated from review by the Board or the court of appeals. Moreover, we believe that the Board can adopt less sweeping measures that will permit review and protect confidentiality. For example, affidavits can be submitted for review with all information excised that would otherwise identify the affiant or affidavits might be submitted to the Board and this court for inspection in camera. *See Klinger Electric Corp.,* 656 F.2d at 82–83.

█ We conclude that under the circumstances of this case the Board abused its discretion by refusing to include the employee affidavits in the record for purposes of ruling on the Employer's objections.[2]

**B.** *Evidentiary Hearing on Agency Status*

█ The Employer also argues that the Board improperly denied its request for an evidentiary hearing to determine if certain employees were agents of the Union. A hearing on election objections need not be granted unless the objecting party has made a *prima facie* showing of substantial and material factual issues that would, if true, warrant setting aside the election. *E.g., May Department Stores v. NLRB,* 707 F.2d 430, 432 (9th Cir.1983). The Board's denial of an evidentiary hearing may be disturbed only for an abuse of discretion. *Id.*

█ The Employer contends that employee members of the Union's in-plant organizing committee made threats to other em-

---

**2.** We will not automatically remand a case for a hearing merely because the Regional Director fails to forward all evidence he relied upon in his report. In *NLRB v. Eskimo Radiator Mfg.,* 688 F.2d 1315 (9th Cir.1982), we concluded that the employer had not shown it was prejudiced by the Regional Director's failure to forward certain affidavits, because even assuming the truth of the employer's allegations, there was no reason to overturn the election. *Id.* at 1318–19. Similarly, in *NLRB v. Belcor, Inc.,* 652 F.2d 856 (9th Cir.1981), we held that the Regional Director's failure to forward evidence was harmless because the employer supplied the evidence to the Board. *Id.* at 858–59. On the basis of the record before us, we cannot here conclude that the Regional Director's failure to forward the employee affidavits was harmless error. *See Advanced Systems,* 681 F.2d at 575. The incompleteness of the record requires us to construe the Employer's well-pleaded factual assertions most favorably. *Id.* So construed, we conclude that the Employer's objections raise substantial and material allegations of coercive conduct that would, if true, require the election to be set aside.

ployees.[3] Without holding an evidentiary hearing, the Regional Director found that the members of the organizing committee were not agents of the Union but instead were third parties. This conclusion is significant because in assessing the impact of misconduct on an election, the Board and this court accord less weight to third party misconduct than to misconduct directly attributable to the union or the employer. *Id.* at 432.

■ Thus, whether the misconduct alleged by the Employer warrants setting aside the election could turn on whether the employee members of the organizing committee were acting as agents of the Union. Under the National Labor Relations Act, the Union's responsibility for acts by its officers and members is controlled by common law agency principles, and implied or apparent authority is sufficient to establish agency. *Id.* at 433; *Advanced Systems,* 681 F.2d at 576.

■ Although our review is hampered by a record made incomplete by administrative compulsion, we believe that the Regional Director too readily concluded that the employees responsible for the alleged misconduct were not union agents. The Employer submitted documentary evidence that included a letter from the Union to the Employer which listed employees "that have been acting on behalf of Trustees Local # 357 in the organizing drive now in progress at your Company." Evidence in the record also suggests that one of the listed employees served as a union observer at the election and acted as a union spokes-

man at employer meetings. Nothing contradicts the Employer's claim that the employee organizers were acting as agents of the Union.[4]

Under these circumstances the Employer's factual assertions raise a substantial and material issue concerning the agency status of employees responsible for the alleged misconduct. In *May Department Stores* we held that the Regional Director could not resolve a controlling agency issue without an evidentiary hearing where employee organizers were alleged to have committed election misconduct and there was no evidence that the misconduct was against union orders. *See* 707 F.2d at 434; *see also NLRB v. J-Wood/A Tappan Division,* 720 F.2d 309, 313–16 (3d Cir.1983) (hearing on agency status necessary where employee identified by union as active in representation campaign allegedly made threatening statements). We believe that the same conclusion applies here.

The Board, prepared as it is to act in cases of this sort on an incomplete record, would have us do the same. This would preclude effective review by both of us. While the Board may accept this abnegation, we do not. Nor do we think that the National Labor Relations Act requires us to do so.

We deny enforcement of the Board's order and remand this case to the Board for an evidentiary hearing on the Employer's objections.[5]

ENFORCEMENT DENIED.

---

**3.** The report of the Regional Director suggests that employee organizers made threats of picket line violence and physical injury if the Union lost the election. The Employer also claims that employee organizers threatened employees that they would be deported or would lose their "Green cards" unless the Union were elected. The Regional Director's report, however, indicates that employees were only told that they would receive favorable treatment from the Immigration and Naturalization Service if the Union were elected.

**4.** The Board argues that the perceptions of the employees are crucial in determining if the employee organizers had "apparent authority" to

act on behalf of the Union. This point, however, merely underscores the need for an evidentiary hearing. We have previously observed that issues related to a person's state of mind ordinarily cannot be resolved by an *ex parte* investigation. *E.g., Pinetree Transport. Co. v. NLRB,* 686 F.2d 740, 746 (9th Cir.1982); *Alson Mfg. v. NLRB,* 523 F.2d 470, 472 (9th Cir.1975).

**5.** The Employer has not contested the Board's ruling with respect to objections 1, 7, 8, 9, and 10. This constitutes a waiver. *See, e.g., NLRB v. Sav-On-Drugs, Inc.,* 709 F.2d 536, 542 (9th Cir.1983); *NLRB v. Nevis Indus.,* 647 F.2d 905, 908 (9th Cir.1981).